Howard *v.* Chadbourne.

HOWARD *vs.* CHADBOURNE.

In an action brought by a mortgagee, against a stranger, to recover posses-
sion of the lands mortgaged, the fact that the demandant had assigned his
interest to a third person, cannot be given in evidence under the general
issue, but must be specially pleaded in bar.

In such a case, the mortgagor was admitted a competent witness for the
mortgagee, the latter having released him from so much of the debt as
should not be satisfied by the land mortgaged, and covenanted to resort
to the land as the sole fund for payment of the debt.

THIS case, which was a writ of entry upon a mortgage deed with
covenants of general warranty, &c. made by one *Levi Sawyer* to

the demandant, and is reported in 3. *Greenl.* 461, was again tried at the last *October* term in this county, before *Preble J.* upon the issue of *nul disseisin.* The mortgage deed was dated *June* 10, 1817, and recorded *April* 1, 1819. The tenant claimed to hold under a deed of release without covenants, made by *Sawyer* to him *July* 3, 1818; and recorded *July* 27, 1818; and the question still was, whether the tenant, at the time of the release to him, had notice of the previous mortgage to the demandant. This fact the demandant offered to prove by the deposition of *Sawyer,* the mortgagor, to which the tenant objected, on the ground of his interest in the suit, as already decided by the court. To remove this interest, a release was produced from the demandant, *Elliot G. Vaughan* and *Benjamin Elwell,* by which they " release, acquit, and forever discharge the said *Sawyer* of and from so much of the debt original-" ly due from said *Sawyer* to said *Howard,* (and secured by mort-" gage of certain lands in *Hiram* now occupied by *Simeon Chad-*" *bourne* and by said *Howard* assigned to said *Vaughan,* and by " said *Vaughan* assigned to said *Elwell,*) as shall not be satisfied " by said land; meaning hereby that said land shall be resorted to " as the sole and only fund for the payment of said debt";—and covenanting that they would " never sue, trouble nor molest said *Saw-*" *yer* for the debt, in his person, goods, or lands, other than the " lands so mortgaged as aforesaid, but shall ever be stopped by " these presents from so doing."

The counsel for the tenant objected that this did not release the interest of the witness; but the Judge was of a different opinion, and admitted the deposition. It was then contended, that if it could take any effect as a release, it was a discharge of the whole debt, after which no action could be sustained on the mortgage;—and if not so, yet that the demandant was not entitled to recover in his own name; having, by his own shewing, proved an assignment of the mortgage from himself to *Vaughan,* and from him to *Elwell.* Both these points also, the Judge overruled; and the tenant filed exceptions to his opinion, the jury having found for the demandant.

*Fessenden, for the tenant,* to the point that the demandant, having disclosed an assignment to *Elwell,* had no right to recover in this action, cited 1. *Chitty on Pl.* 10. 11. 6. *Mass.* 239. *Hills v.*

Howard v. Chadbourne.

*Elliot*, 12. *Mass.* 30.   3. *Johns. Ca.* 311.   15. *Mass.* 233.   14. *Mass.* 134.   8. *Mass.* 554.

He contended that the release either did not restore the competency of *Sawyer*; or, if it did, it operated to extinguish the debt. It released his body, and all *his* property, personal and real.   Thus far, at least, the debt was discharged; and the demanded premises not being his property, were not within the terms of the release. The debt, therefore, was wholly gone, because the demandant had parted with all remedy against the debtor; and is seeking, in this action, the property of another person.   *Co. Lit.* 209.   *Powel on Mort.* 7. 8.   2. *Burr.* 969.   1. *Johns.* 583.   2. *Greenl.* 322.

But on general principles of public policy, he insisted, the witness was inadmissible; as his testimony went to destroy his own deed to the tenant; which the spirit of established rules would not permit. *Walton v. Shelley*, 1. *D. & E.* 296.   *Churchill v. Suter*, 4. *Mass.* 156.   *Storer v. Batson*, 8. *Mass.* 440.   *Deering v. Sawtel*, 4. *Greenl.* 391.   *Howard v. Chadbourne*, 3. *Greenl.* 461.

*Greenleaf*, for the demandant replied that as the assignment from *Howard* to *Vaughan* was subsequent to the deed to the tenant, who entered claiming a fee, nothing passed by the assignment, except the mere right, and the assignee could not count upon his own seisin. But if it were otherwise, the objection should have been taken by plea; and cannot be shewn under the issue of *nul disseisin*.   *Wolcott v. Knight* 6. *Mass.* 418.

As to the effect of the release, which may well be of part of a debt, 5. *Dane's Abr.* 449. *sec.* 6; it was only a release of the person, and a certain class of the property of the debtor;—a voluntary surrender of all remedies, save one.   A mortgage is never held discharged by any transactions short of absolute payment of the money; unless the intent of the parties is manifestly otherwise.   *Perkins v. Pitts*, 11. *Mass.* 125.   *Cary v. Prentiss*, 7. *Mass.* 63. *Davis v. Maynard*, 9. *Mass.* 242.   And here the manifest intent was to place the creditor on the same footing as if he had actually enter-

ed for condition broken, and discharged the residue of the debt, accepting the land in full satisfaction.

WESTON J. delivered the opinion of the Court.

It having appeared in evidence, that the demandant had assigned his interest to a third person, it is insisted that this action cannot be maintained in his name. In support of this point, *Gould v. Newman*, 6 *Mass.* 239, has been, among others, cited as an authority. In that case, the assignment of the mortgage was specially pleaded. Thus pleaded, it was holden to be a good bar; but *Parsons C. J.* there says, "under the general issue it is very clear, that this conveyance by the plaintiff, could not be given in evidence." And in *Wolcott v. Knight*, cited in the argument, it was expressly decided that a conveyance by the demandant to a third person, under whom the tenant does not claim, must be pleaded in bar; and cannot be given in evidence under the general issue. Had it been so pleaded, it might have been replied, that nothing passed by the demandant's deed to *Vaughan;* and this replication would have been sustained in point of fact, if at the time of its execution, the tenant had, as he claims to have had, an actual adverse seisin.

With regard to the competency of the deponent, *Levi Sawyer,* under whom both parties claim, on the ground of interest; we are of opinion that it was removed by the release, which is in the case. He had entered into no covenants, by which he would, in any event, be made liable to the tenant. Prior to the release, it was for his interest that the demandant should prevail; as his debt to him would thereby be paid, to the extent of the value of the land. By the release, the demandant, and those who have become parties in interest under him, have accepted for their debt, so far as the witness was concerned, their chance to recover the land in controversy, and have covenanted not to sue or molest him in his person, or to take any of his property therefor, other than the land; and have further agreed that the instrument by them executed, should forever estop them from so doing. Being thus secured and protected from liability, he stood indifferent between the parties; and his deposition, subsequently given, was properly received in evidence.

It would be doing violence to the terms of the release, and to its plain and obvious meaning, to consider it a discharge of the debt, as a lien on the land. Nothing was farther from the intention of those who made it; nor is there, from the terms of the instrument, the least ground for misapprehension or doubt. It was intended to remove the interest of the witness, and to leave the debt, as a lien upon the land, unaffected. This was a lawful purpose; and it is clearly expressed.

There is no difficulty, with regard to the judgment to be entered. The debt being first ascertained; it is to be the usual conditional judgment, as on mortgage. If the right to redeem is of any value, it cannot be exercised, except upon payment of the whole debt due. If that exceeds the value of the land, the tenant is not obliged to pay the difference; and the instrument given to the witness releasing him therefrom, with which the tenant has no privity, cannot affect the form of the judgment; which is to be rendered for the demandant upon the verdict, as on mortgage.