### MOSES AYRES & others *vs.* JONATHAN WAITE & others.

By analogy of the statute of limitations, after twenty years of possession by the mortgagee for condition broken, no interest having been paid in the mean time, the right of redemption is not favored in equity, and the mortgagor will not be admitted to redeem without special cause.

Where, before the enactment of the Revised Statutes, a mortgagee entered into possession of the mortgaged premises under a deed of demise and lease from the mortgagor for the term of one year, it was held that if the mortgagee claimed to hold afterwards for the purpose of foreclosure, he must prove notice of his intention to the party entitled to redeem.

In this case, which was argued by *E. Washburn* and *S. T. Spaulding*, for the complainants, and *P. C. Bacon* and *D. Foster*, for the respondents, the facts appear in the opinion of the court, given by

CUSHING, J. This case came before this court on a bill in equity filed on the 31st of March, 1851, and on the answers and evidence, by which it appears that Samuel Waite, the ancestor of the complainants, mortgaged to Jonathan Waite, one of the respondents, certain real estate, which the complainants now seek to redeem. And the material facts by which this question is to be decided, are as follows:

The mortgage deed in common form was executed on the 2d of May, 1818. Subsequently to this time, namely, in September, 1826, Jonathan Waite assigned by deed all his interest in the mortgage and mortgaged premises to one Hastings and another, who, in December, 1836, reassigned the same to Jonathan Waite.

On the 20th day of March, 1830, Samuel Waite executed a lease of the premises to Jonathan Waite, under seal, and attested by two witnesses, by which Samuel demised the premises to Jonathan to hold for one year from the 1st of April next ensuing, with reservation of rent to the lessor, and of his right to enter during the term to view the premises, make improvements, and expel the lessee for non-payment of rent or for waste; and there is an express covenant by the lessee to quit and peaceably deliver up the premises to the lessor at the end of the term.

On the same 20th of March, 1830, Jonathan Waite entered upon the premises, and retained possession thereof until the 31st of March, 1842, when he, by quitclaim deed, conveyed the same to Judith Waite, who continued the possession, and by warranty deed afterwards, namely, on the 1st of April, 1843, conveyed to Oliver A. Davis, the present tenant in possession.

There is evidence on both sides as to the condition of the original parties, their declarations and supposed purposes; it being affirmed on the one side that Jonathan was admitted to have entered in 1830, and to be in for the purpose of a fore-closure, and that the premises were abandoned to him by Samuel; and on the other side, that Jonathan entered under the lease only, and so continued, without any of the legal conditions necessary to foreclosure, and that Samuel intended to redeem.

It is not found in the case that Jonathan, or those holding under him, ever gave notice to Samuel of intention to hold for the purpose of a foreclosure; nor is entry alleged for that purpose in the form of the statute.

Nor is it found that Jonathan Waite entered or held as agent of the assignee of the mortgage; on the contrary, it distinctly appears that he entered, and at all times claimed to hold, in his own proper name and right.

Much of the evidence is of doubtful competency; but upon this it is unnecessary to dwell; because the facts lawfully proved are in our judgment decisive of the case.

The consideration of it involves two material inquiries, first, whether the complainants have, by reason of the possession of Davis the tenant, or that of Judith Waite and Jonathan Waite, under whom he claims, for the period of twenty years or more, lost the right to redeem the mortgaged premises; and secondly, whether the facts show such entry on the part of the mortgagee, and possession under it, as to have wrought a foreclosure of the equity of redemption.

1. Of the alleged twenty years' possession by the tenant and his grantors.

In the argument at bar, this part of the case has been dis-

cussed in the supposition of a question of disseisin. But, as Jonathan Waite entered in the first instance under a lease in point of fact, and as the respondents allege that his intention was to enter as mortgagee, and that he continued to hold as mortgagee, and was in fact in as such for the whole period of his tenancy except six years, it would ensue that he must be regarded not as a mere stranger to the title entering upon ouster and disseisin, and proceeding to acquire a new title by notorious adverse possession, but in the light of a mortgagee only, possessing the rights, and subject to the liabilities, whatever they may be, of that condition and character.

It would seem, therefore, to be of no avail to discuss the possible rights of the parties in law as distinguished from equity. For, by the mortgage deed, the legal estate is vested in the mortgagee, and if he be in possession, there is no possibility at mere law of his being afterwards evicted. The common law knows nothing but the legal relation of the parties to the mortgage. Per Bayley, J. in *Partridge* v. *Bere*, 1 Dowl. & R. 273; 5 Barn. & Ald. 604. See *Hall* v. *Surtees*, 5 Barn. & Ald. 687. If the mortgagor continue in possession, he is but a sort of tenant at will or by sufferance to the mortgagee; because the possession of the mortgagor is permissive only, and at the will or sufferance of the mortgagee. 1 Saund. 276. [a]

And though it be not strictly exact to speak of the mortgagor as the tenant at will of the mortgagee, because the relation of mortgagor and mortgagee is one *sui generis*, and to be judged by its own conditions, 2 Story's Eq Jur. § 1012, note, yet the analogy is undeniable. 1 Rand's Powell on Mortg. 155, 156, and notes. Hence, in old cases, it is said, too broadly perhaps, that an equity of redemption is of no value, and a release of an equity nothing at all in the eye of the law. 2 Wilson, 86; 1 Rol. Abr. 121, pl. 7, 8. Hence, also, the dictum in *Cholmondely* v. *Clinton*, 2 Meriv. 360, that the mortgagor cannot disseise the mortgagee, because, it is there said, the mortgagor's possession is not properly his own, but that of the mortgagee. The seisin of the mortgagor, although his own for some purposes, (*Henry's case*, 4 Cush. 257,) is the

seisin of the mortgagee, in what regards their reciprocal relations and rights; and the disseisin of the mortgagor is the disseisin of the mortgagee. *Poignard* v. *Smith*, 8 Pick. 272. As between them alone, therefore, and in their particular relations as mortgagor and mortgagee, there seems to be no room for a question of disseisin on either side. *Gould* v. *Newman*, 6 Mass. 239; *Perkins* v. *Pitts*, 11 Mass. 125, 130; *Hicks* v. *Bingham*, 11 Mass. 300, 302; *Colton* v. *Smith*, 11 Pick. 311.

In a word, the estate of the mortgagor is an equitable one; it is a right in equity, and as between him and the mortgagee, the true question of time is, what length of possession, if any, on the part of the mortgagee, will operate as a bar to a bill in equity on the part of the mortgagor to redeem.

The doctrine of equity, it is conceived, is this : equity regards the statute of limitations as analogy, not as rule. The statute provides a bar at law, not in equity. But the statute itself is founded in general reason. It is convenient to have a time understood, after which titles may be taken as free from controversy. Per Lord Manners, *Medlicott* v. *O'Donel*, 1 Ball & B. 156. The change, which in a long course of time, has taken place in the value and other circumstances of property, and the consequent difficulty of doing the same justice between parties when transactions remote in time are chal lenged as if done recently, suggest the importance of some received limitation. Per Lord Redesdale, *Hickes* v. *Cooke*, 4 Dow, 27. And the embarrassments attending the making up of accounts after long periods of time, lead to the same conclusion. So that, although courts of equity have refused to fix any positive time, which shall be an absolute bar to redemption, and although lapse of time is permitted in equity to defeat an acknowledged right, only on the ground of its affording evidence of a presumption that such right has been abandoned, and never prevails where the presumption is out-weighed by opposing facts or circumstances, *Nelson* v. *Carrington*, 4 Munf. 332, yet to preserve uniformity between the proceedings in courts of law and equity, twenty years after forfeiture and possession taken by the mortgagee, no

interest having been paid in the meanwhile, has been adopted in equity as the period beyond which the right of redemption shall not be favored. 1 Rand's Powell on Mortg. 360, 361. Or, to use the language of another authoritative expositor of the law, it is the period after which chancery will not admit a mortgagor to redeem without special cause. Com. Dig. Chan. 415.

On the other hand, if the mortgagee have suffered the mortgagor to remain in possession for twenty years after condition broken, without any payment of interest or admission of the debt, chancery will not, it is true, admit these facts as a conclusive bar to the rights of the mortgagee. 1 Rand's Powell on Mort. 393, and notes. But in such case the lapse of time is regarded as presumption of payment, subject to be rebutted by circumstances. 2 Story's Eq. Jur. § 1028 *b.*

Such lapse of time, and the neglect on the part of the mortgagee to enforce the claim, while another is exercising an adverse possession, are grounds for a presumption in fact, which, unexplained and uncontrolled, authorize a jury to infer that the mortgage is satisfied. This presumption of fact, however, is always liable to be controlled by other evidence. *Howland* v. *Shurtleff,* 2 Met. 26.

Proceeding on these principles, then, to wit, that no lapse of time less than twenty years shall be deemed a sufficient answer to a bill either by mortgagor or mortgagee, and that, as against neither, even is that a conclusive and absolute bar; let us apply the doctrine to the facts before us, in this part of the case.

We do not perceive any possible room for doubt as to the construction and effect of the lease of Samuel Waite to Jonathan, and the necessity there is, in reckoning the period of the adverse possession of Jonathan Waite and those claiming under him, to deduct the time of the lease from the whole period of possession; and if any such doubt existed, and there was a consequent weakness of the case, a conclusion favorable to the mortgagor would be aided by the consideration that time is not an absolute bar in equity, and though it be generally admitted, yet does not imperatively exclude the discretion of the court.

Deducting the period of the lease, as we feel bound to do, we find that the period of time from the termination of the leasehold interest of Jonathan Waite, to the filing of their bill by the complainants, is one day short of twenty years. If it were an action at law, therefore, the facts proved would not constitute a bar, and *à fortiori* not in equity.

2. Of the alleged foreclosure of the equity.

There is no pretence here, that entry for the purpose of a foreclosure was made in either of the methods prescribed by the Revised Statutes. The tenant does not set up possession by action at law, and conditional judgment, nor does he allege entry by consent of the mortgagor, or entry in the presence of two witnesses unopposed by the mortgagee, and such entry, whether by consent or unopposed and attested, duly recorded in the registry of deeds. Rev. Sts. *c.* 107, § 1, 2.

But for the period of ten years and more, that is, from September, 1826, to December, 1836, there was no apparent legal mortgage interest in Jonathan Waite. The whole mortgage interest for all that time was in other parties, who did not enter themselves, and the case contradicts any assumption that Waite ever entered as their agent. Waite, in this view of the subject, had no right of entry as mortgagee, and could have no possession as such, until December, 1836; and if he, or those claiming under him, set up a foreclosure, they should do so in the form of the statute; but this they do not pretend.

Of course, the tenant must rely on some lawful entry, prior to the time of the Revised Statutes going into operation, which was the 1st of May, 1836. *Wright* v. *Oakley*, 5 Met. 400.

In fact, such actual entry as Jonathan Waite made, whatever be the legal effects of that entry, either in itself or by reason of what followed, was made on the 20th of March, 1830, since which day the possession appears to have remained without interruption in him or his successors by grant.

Now to this entry there is, in the first place, the objection already suggested that Jonathan Waite had no mortgage interest in the premises at that time, nor until long afterwards,

and that he did not enter as the agent of the assignee of the mortgagee, but in his own proper name.

In the second place, that entry was made under the indentures of demise and lease produced in proof. That lease tells its own tale, and we do not see how the legal inferences deducible from it are to be controlled by parol evidence   If it could be, there is in the case no satisfactory proof in contradiction of it.   Therefore, if the tenant or his predecessor in the title, Jonathan Waite, were in a legal condition to set up a possession for the purpose of a foreclosure in the period of time intervening between his entry and the reassignment of the mortgage to him, it must be made out on facts occurring subsequently to the termination of his leasehold possession. *Newall* v. *Wright*, 3 Mass. 152.

Now there is a series of well-considered cases decided by this court, which, in connection with the statutes, thoroughly and conclusively define the conditions under which a foreclosure might have been effected in circumstances like the present, and before the enactment of the Revised Statutes.

By the antecedent statutes, undoubtedly, three years of continued possession under the mortgage after breach of condition, whether commenced by process of law, or by peaceable entry in the presence of two witnesses, would suffice to operate as a foreclosure.   Here was no entry by process of law, and no entry in the presence of witnesses except under the lease.

It is true that if the mortgagee enter on the premises and take possession after condition broken, it is presumed to be for the purpose of a foreclosure, unless the contrary appear. *Taylor* v. *Weld*, 5 Mass. 109, 121; *Hadley* v. *Houghton*, 7 Pick. 29; *Skinner* v. *Brewer*, 4 Pick. 468.   *Secus*, if he enter before condition broken.   *Erskine* v. *Townsend*, 2 Mass. 493–6; *Pomeroy* v. *Winship*, 12 Mass. 514; *Scott* v. *McFarland*, 13 Mass. 309, 314.

But when the mortgagee, being in possession before condition broken, continues in possession afterwards, if there be no actual notice to the mortgagor of the purpose of the mortgagee to hold for a foreclosure, there must be constructive notice to constitute a commencement of the limitation of the right to redeem.   *Scott* v. *McFarland*, 13 Mass. 309

Entry for the purpose of a foreclosure, cannot be presumed in the present case, though it was after condition broken; for the purpose of the entry is expressly limited by the deed of demise and lease. And if one holding under a lease, or by other lawful tenure not as mortgagee, afterwards take a mortgage, or afterwards undertake to hold as mortgagee for the purpose of a foreclosure, he must give notice of his intention to the party entitled to redeem, in order that the latter may know when the limitation of his right begins, and be prepared for its consequences. *Newall* v. *Wright*, 3 Mass. 138; *Wood* v. *Felton*, 9 Pick. 171; *Gibson* v. *Crehore*, 5 Pick. 146.

No such notice, actual or constructive, is proved satisfactorily in this case, even if it appeared, which it does not, that the present tenant or his predecessor, Jonathan Waite, was, before December, 1836, in a legal predicament entitling him to give such notice.

On the whole matter, therefore, we are of opinion that Samuel Waite and his heirs have not lost their equity of redemption in the premises, either by lapse of time or by foreclosure, and the case must go to a Master.

*Decree accordingly.*