HENRY S. STANLEY *vs.* JOSEPH S. KEMPTON and another.

*Mortgage of lands—assignment of.   Writ of entry.*

The interest of the mortgagee in a mortgage of land, can be assigned by deed only.

To a writ of entry brought on an unassigned mortgage of land by the mortgagee against the mortgager, the fact that the mortgage and notes, secured thereby, were the property of a third person who forbade the suit, constitutes no defense.

ON EXCEPTIONS.

DICKERSON, J. Writ of entry on a mortgage. The mortgage was given to the plaintiff, and the mortgage notes were made payable to him or order. Both the mortgage and notes were brought into court by one George W. Stanley, a brother of the plaintiff, on a subpœna *duces tecum* served on him by the plaintiff.

The plaintiff testified that the mortgage declared on, and the notes therein named, were delivered to him, and were his property; that they had been taken from his possession without his consent, and that all the notes were due and unpaid.

The defendants offered to prove by said Stanley that the notes and mortgage were delivered to him by the plaintiff, and that they were his property.

Stanley v. Kempton.

The case was withdrawn from the jury and submitted to the presiding justice, with the right to except to his rulings in matters of law. The justice ruled that the testimony offered constituted no defense to the action, and rendered judgment for the plaintiff. To this the defendant excepted.

The interest of the mortgagee being in the nature of an interest in land can only be assigned by deed. Even the assignment of the mortgage debt does not operate at law as an assignment of the mortgagee's interest in the land. *Vose* v. *Handy,* 2 Greenl. 333; *Gould* v. *Newman,* 6 Mass. 239; *Dwinel* v. *Perley,* 32 Maine, 197; *Young* v. *Miller,* 6 Gray, 152; *Smith* v. *Kelley,* 27 Maine, 237.

Never having parted with his interest as mortgagee of the land by deed, the plaintiff is entitled to maintain this action to recover possession of the mortgaged premises. The evidence offered by the defendant, if admitted, would not have constituted a legal defense to this action at law, and the justice so ruled. The remedy (if any) of G. W. Stanley is against plaintiff in equity.

*Exceptions overruled.*

APPLETON, C. J., KENT, WALTON, and BARROWS, JJ., concurred.

*H. L. Whitcomb,* for the plaintiff.

*S. Belcher,* for the defendant.