LORENZO STEVENS *vs.* DEDHAM INSTITUTION FOR SAVINGS & others.

Suffolk. March 17. — Oct. 21, 1880. AMES & LORD, JJ., absent.

The holder of a mortgage of land assigned it as security for his own promissory note. There being a breach of the condition of the mortgage and of the assignment, the assignee brought an action to foreclose the mortgage, obtained conditional judgment for the amount of the debt due from the assignor, and on an execution obtained seisin and possession of the land. After retaining possession for three years, the assignee sold the land. *Held,* that a bill in equity by the assignor to redeem the land, brought within twenty years from such sale, but more than twenty years after possession was obtained, could not be maintained.

BILL IN EQUITY, filed January 22, 1870, against the Dedham Institution for Savings, Otis G. Randall and Abby A. Randall, his wife, George Homes and Elizabeth C. Homes, his wife, to redeem a parcel of land in that part of Boston formerly Roxbury, from a mortgage. The case was heard by *Lord,* J., on the pleadings and proofs, and reserved for the consideration of the full court, upon a report, in substance as follows:

On June 21, 1845, the plaintiff, who then held a mortgage on the land, executed to him by Gilbert T. Hawes on June 9, 1845, to secure the payment of a promissory note for $7320, payable in five years from that date, conveyed to the defendant corporation the land, and all his right, title and interest in the same, the debt secured by the above-named mortgage, and the promissory note therein set forth, to secure his own promissory note for $3500, payable in one year from June 21, 1845.

On December 3, 1847, the defendant corporation commenced an action against Gilbert T. Hawes to foreclose his mortgage · and, at May term 1848, obtained conditional judgment that

Hawes, within two months, pay or cause to be paid to the corporation the sum of $3575.54, damages, with interest and costs taxed at $13.50; and on July 6, 1848, took out an execution in that action against Hawes for possession of said land; and on July 22, 1848, seisin and possession, under the execution, were duly delivered to the corporation. The promissory note filed with the papers in that action, and on which the judgment was rendered, was the note of $3500, given by the plaintiff to the corporation, and dated June 21, 1845. On May 8, 1849, the plaintiff paid James Richardson, the attorney of the corporation, the costs in said foreclosure suit. The corporation remained in possession until May 1, 1852, when it conveyed the land by a quitclaim deed to Otis G. Randall, for $5500, taking in payment therefor $1500 in cash, and a mortgage back for $4000, payable in five years from said date, which mortgage the corporation afterwards assigned to Abby A. Randall, on May 2, 1859. The land has since been conveyed several times, and the title, so far as acquired by the defendant corporation, is now in Abby A. Randall. All the foregoing deeds, conveyances and mortgages were duly recorded in the registry of deeds.

The plaintiff testified that he never had any settlement with the corporation; that he never received back from the corporation his note of $3500, nor the Hawes note of $7320, which were given to the corporation with the conditional assignment of the Hawes mortgage; that he did not know by what process the corporation acquired possession of the land; that he supposed it had foreclosed absolutely against him; that the officers of the institution and Randall told him so; that he did not discover the exact state of facts as to their proceedings, nor his rights in the premises, until just before bringing this action.

The defendants put in evidence, against the plaintiff's objection, tending to show that the plaintiff knew of the conveyance to Randall, and acquiesced in it; and also offered in evidence entries on the books of the defendant corporation, made by a person since dead, tending to show a settlement with the plaintiff in 1852.

*S. Bartlett & J. Hillis,* for the plaintiff. 1. The possession of the defendant corporation began on July 22, 1848, under an attempt to foreclose the Hawes mortgage. But this foreclosure,

even if perfected, was not adverse to the plaintiff, but in his interest, and in trust for the payment of the plaintiff's debt. *Brown* v. *Tyler*, 8 Gray, 135. The first adverse act was on May 1, 1852, when the corporation undertook to convey to Randall. The bill to redeem was filed within twenty years from this time.

2. The Hawes note was dated June 9, 1845, and payable in five years. The foreclosure suit was brought before that note was due; and the corporation took judgment, not upon any default of interest, but for the whole amount of the mortgage debt, and filed as the basis of the judgment, not the Hawes note, but the plaintiff's note. There was therefore no proper foreclosure of the Hawes mortgage.

*J. R. Bullard*, (*J. R. Baker* with him,) for the defendant.

SOULE, J. The only question before us in this cause is as to the right of the plaintiff to redeem certain real estate from mortgage. He does not seek to recover the proceeds of land sold.

The defendant corporation, as assignee of the mortgage given by Hawes to the plaintiff, was entitled to institute proceedings for foreclosing the mortgage; and the judgment in the suit for foreclosure, followed by possession for three years, made the title of the corporation absolute as against the mortgagor. But, the mortgage having been assigned as collateral security for the note of the plaintiff, the foreclosure did not work a payment of that note, but left him with the right to redeem the land by paying his note so far as it had not been paid by the rents and profits of the land. The defendant corporation held the land by a title absolute as against Hawes the mortgagor, but as security merely for its debt against the plaintiff. Its interest in the land, though not in the ordinary record form of a mortgage, was in fact a mortgage interest, liable to be defeated by the payment of the plaintiff's note. The land in its hands was affected by a trust, to convert it into money and pay over any balance of the proceeds remaining after payment of the debt due from the plaintiff to him, or, if he paid the debt, to release and quitclaim the land to him. *Brown* v. *Tyler*, 8 Gray, 135. *Montague* v. *Boston & Albany Railroad*, 124 Mass. 242.

The plaintiff contends that, because this relation of mortgagor and mortgagee existed between it and the defendant corporation,

and no peaceable entry was made and evidence of it recorded, by the corporation or any other of the defendants, for the purpose of foreclosing the mortgage from the plaintiff, the title still remains a mortgage title, notwithstanding the lapse of time and the repeated conveyances. In taking and endeavoring to maintain this position, the plaintiff fails to give full effect to some of the facts of the case, and assumes that the sale of the land by the corporation had no effect on his rights in the land.

The corporation went into possession in the year 1848, under its judgment against Hawes, and the possession then obtained has been ever since maintained by it and its assigns. It was entitled to take this possession as against Hawes, as being the assignee of the mortgage made by him; and as against the plaintiff, as being his mortgagee. From the year 1848, then, for more than twenty years before the plaintiff's bill was filed, the corporation and its assigns were in possession of the premises, and, as the plaintiff insists, no payment of interest or principal was made during all this time. The note of the plaintiff to the corporation was overdue when possession was taken under the mortgage.

In this state of facts, if it be assumed that the sale of the land by the corporation did not put an end to the plaintiff's rights therein, the right to redeem is not to be favored. Equity has adopted twenty years after breach and possession taken by the mortgagee, no interest having been paid meanwhile, as the period beyond which a mortgagor will not be admitted to redeem, without special cause. *Ayres* v. *Waite*, 10 Cush. 72. And this rule applies between the mortgagor and his mortgagee. The plaintiff shows no special cause. It appears that he was cognizant of the proceedings of the corporation to foreclose the mortgage; and if he failed to understand the effect of those proceedings on his rights, his mistake in that regard is not one for which the holder under the mortgage is responsible, or which in any way affects its rights.

The statement which the plaintiff testified that the officers of the Institution for Savings made to him, that "they had foreclosed absolutely against him," was a statement of opinion as to the legal effect of what they had done, rather than a misstatement of facts, and, if it was erroneous, was one on which he cannot now rely as an excuse for not protecting himself in due time.

We are of opinion, therefore, that, independently of the evidence offered by the defendants to show a settlement of the whole matter by the plaintiff and the corporation in the year 1852, no case is made for the maintenance of the bill.

If that evidence were admitted, and interpreted as the defendants contend that it should be, it would be decisive against the plaintiff. It is unnecessary to inquire into its admissibility, because, if admitted, it would not affect the decision of the case.

*Bill dismissed, with costs.*