STEPHEN JENNINGS *vs.* CHARLES E. WYZANSKI & another, trustees, & others.

Suffolk.    December 1, 2, 1904. — May 22, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Pledge*, Redemption.   *Equity Jurisdiction*, To redeem from pledge.

A pledge of four successive mortgages upon the same land was made to secure the payment of a certain note, by an instrument in writing giving the pledgee the right to sell the collateral security and to foreclose the mortgages or any of them at public or private sale, the pledgee having the right to purchase at the sale.  The note was not paid at maturity, and the pledgee assigned the note and the four mortgages to his agent or attorney, who by instruction of the pledgee proceeded to foreclose one of the mortgages under a power of sale contained in it.  At the sale the pledgee bid in the property and had it conveyed to a person for his benefit.  No money was paid by any one and no payment was indorsed on the note or credited to the pledgor.  The pledgor then filed a bill to redeem.  *Held*, that he was entitled to redeem the three unforeclosed mortgages and the proceeds of the mortgage that had been foreclosed; that the foreclosure sale was good and the pledgee had a right to purchase under it, but that the net proceeds of the sale were to be applied toward the payment of the note of the pledgor, and the pledgee was ordered on payment of the balance of the note to assign the other three mortgages to the pledgor.

BARKER, J.  The case comes here upon the plaintiff's appeal from a final decree dismissing the bill with costs.  After the bill had been amended several times and the parties finally were at issue the case was heard by a judge of the Superior Court, the evidence being taken and reported by a commissioner under Chancery Rule 35.

At the trial some questions of evidence were raised by the plaintiff who excepted to certain rulings against him on those questions, but as no bill of exceptions was filed we do not consider those questions open upon the appeal.

Many of the facts alleged by the bill are admitted by the answers.  The whole evidence being before us the question for decision is whether upon the facts which upon the pleadings are to be taken as admitted and those which should be found upon the evidence the decree was right; and if the decree was not right what decree should be entered.  The appeal brings here all inferences of fact as well as conclusions of law.  *Parks*

v. *Bishop*, 120 Mass. 340. *Wright* v. *Wright*, 13 Allen, 207. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45, 47. See *Ross* v. *Harper*, 99 Mass. 175; *Smith* v. *Townsend*, 109 Mass. 500; *Mason* v. *Lewis*, 115 Mass. 334. At the same time the decision of the court below is not to be reversed upon questions of fact unless clearly shown to be erroneous. *Allen* v. *Allen*, 117 Mass. 27, 29. *Slack* v. *Slack*, 123 Mass. 443.

As finally amended the bill is one to redeem certain property from the lien created by a pledge, or from titles made by the pledgees by proceedings which the defendants contend were authorized by the terms of the pledge. When first pledged the property consisted of four mortgages upon a parcel of land on Harvard and Albany Streets in Boston. Since the pledge was made one of these mortgages, the fourth in order of procedure as liens upon the land, has been foreclosed by a sale under a power contained in it. The other three mortgages remain as such, unforeclosed.

The pledge was made by the plaintiff on August 15, 1903, to the defendants Wyzanski, by a promissory note of that date signed by the plaintiff, by which he promised to pay the Wyzanskis or order, $16,500 with interest at five per cent per annum, two months after date, which note contained these further statements, namely: " I having deposited with this obligation, as collateral security, four certain notes given for $4,000, $4,000, $5,500, and $28,500, dated March 15, 1898, July 1, 1892, October 25, 1895, and January 7, 1901; and secured by mortgages recorded with Suffolk Deeds, Book 2070, Page 70; Book 2315, Page 418; Book 2513, Page 116; Book 2729, Page 115; which notes and mortgages are herewith assigned to said M. E. and C. E. Wyzanski with authority to sell this note and said collateral security, and to foreclose said mortgages, or either of them, without notice, either at public or private sale, at the option of the holder or holders hereof on the non-performance of this promise, he or they giving me credit for any balance of the net proceeds of such sale remaining, after paying all sums due from me to the said holder or holders. And it is further agreed that the holder or holders hereof may purchase at said sale."

The note was not paid at its maturity and on October 21, 1903, for a money consideration the Wyzanskis extended the

time of payment to November 1, 1903. No payment on the note was made then and nothing has been paid upon it by the plaintiff since that date.

In connection with the giving of the note of August 15, 1903, and the pledge of the four mortgages as collateral security for its payment assignments of those mortgages in common form were taken by the Wyzanskis, but the defendants do not contend that the assignments so taken gave them other rights in the mortgages than those of pledgees under the terms stated in the note of August 15, 1903.

On December 9, 1903, that note remaining overdue and unpaid the Wyzanskis indorsed it in blank without recourse and delivered it to the defendant McLoud, and also assigned to him the four mortgages. McLoud paid no consideration for the note or the four mortgages and the transfers were made to him simply as the agent or attorney of the Wyzanskis, he having acted in the matter from that time simply as their agent or attorney, and for their benefit alone and under their orders. By their direction he as assignee of the $28,500 mortgage of January 7, 1901, proceeded to foreclose that mortgage by a sale under the power contained in it, and on January 11, 1904, the land was sold under that power, subject to the three other mortgages and to any and all unpaid taxes and assessments. One of the Wyzanskis was the highest bidder at the foreclosure sale, and upon his bid of $3,100 the property sold was struck off by his direction to the defendant Gale who was not present and had given no previous authority for the use of her name as purchaser, and who paid no money, but who was a clerk in the employment of the Wyzanskis. No money was paid by any one upon the foreclosure purchase and no payment has been indorsed on the note of August 15, 1903, on account of that sale, and no credit has been given to the plaintiff on account of the proceeds of the sale. A deed of the property sold at the foreclosure was made out to Gale by McLoud, and Gale upon receiving it, on January 12, 1904, gave a mortgage of the same property to McLoud to secure the payment to the Wyzanskis of the sum of $20,000, and McLoud assigned to them the mortgage given by Gale. She never had any real financial interest in the transaction, and her name was used and she acted in it

so far as she did act simply as a matter of convenience for the Wyzanskis, as also did McLoud. After the foreclosure sale McLoud redelivered to them the note of August 15, 1903, and reassigned to them the three other mortgages. Such record title as Gale has under the foreclosure sale she holds simply as the agent and for the benefit of the Wyzanskis. Since the sale they have been in possession of the real estate and have been in receipt of the rents and profits thereof.

The final decree dismissing the bill with costs recites "that there was a default in the payment of the note; that the plaintiff had proper notice of the foreclosure of the mortgage held as collateral; that the sale under the same was fairly conducted in the presence of the plaintiff; that the property was sold at a fair and reasonable value; that the defendants under the contract made between them and the plaintiff had a right to purchase the property for their own benefit, and that they did so."

These recitals are in the nature of findings of fact. Upon reading the report of the evidence the only one of them about the correctness of which there may be a doubt is whether the property was sold at a fair and reasonable value. As such findings of fact are not to be reversed by this court unless they clearly appear to be erroneous, we treat all the recitals of fact in the decree as correct.

But nevertheless we are of opinion that upon the other facts admitted by the pleadings or clearly established by the evidence, in connection with the facts recited in the decree the plaintiff is entitled to relief.

The plaintiff's right to redeem his pledge of August 15, 1903, has never been taken away from him or rendered unenforceable by any sale of the pledged property under the statute or otherwise for the purpose of devoting the proceeds of the pledged property to the payment of the debt for which it was pledged as collateral.

The transfers of the four mortgages to McLoud as the mere agent or attorney of the Wyzanskis were not a sale under the terms of the pledge, were merely colorable, and had no effect upon the plaintiff's right to redeem from his pledge. So far as the three mortgages which have precedence of that which has been foreclosed are concerned the plaintiff's right to redeem

them from his pledge of August 15, 1903, is unaffected by the foreclosure of the fourth mortgage.

While upon the facts recited in the decree the plaintiff cannot have the foreclosure of the fourth mortgage set aside, that foreclosure does not preclude him from relief in respect to the proceeds of the foreclosure.

When a mortgage of real estate pledged as collateral security for the payment of a note other than the mortgage debt is foreclosed otherwise than by sale under a power, so that the pledgee thereby acquires title to the land absolute as against the mortgagor still the pledgee holds the land as security merely for his debt against the pledgor, and the pledgee's interest in the land is liable to be defeated by the payment of the debt for which the mortgage was pledged. *Brown* v. *Tyler*, 8 Gray, 135. *Montague* v. *Boston & Albany Railroad*, 124 Mass. 242, 245. *Stevens* v. *Dedham Institution for Savings*, 129 Mass. 547, 549.

All these cases were instances in which the act of foreclosure placed the title of the mortgaged land in the pledgee, and they hold that so long as the title remains in him the value of the land is not to be applied as a payment in discharge of the pledge, and that the land is substituted to the lien of the pledge and may be redeemed by the pledgor.

The plaintiff contends that notwithstanding the fact that in the present instance the foreclosure was by sale, because the title to the mortgaged land still is in effect in the Wyzanskis as between them and the plaintiff, the land is merely substituted for the foreclosed mortgage and may be redeemed from the pledge. We think this contention cannot be sustained. If the foreclosure sale had placed the title in a third person as purchaser it is plain that the pledgor no longer would be able to redeem the land, and that the net proceeds of the foreclosure sale would be a sum to be applied as of the date when they accrued in reduction of the debt to secure which the pledge was given. We see no reason to hold otherwise when the pledgee himself is the purchaser at a valid foreclosure sale at which he has under the power a right to buy for himself.

The result is that the net proceeds of the foreclosure sale should be applied as of January 11, 1904, as a partial payment

on the note of August 15, 1903, and the plaintiff should have a day fixed on or before which he may redeem the three mortgages first mentioned in that note from their present holders the Wyzanskis, upon payment to them of the balance of the note of August 15, 1903, treating the interest on that note to October 21, 1903, as extinguished by the payment of October 21, 1903, and reckoning interest at the rate of five per cent per annum until the day of redemption. Upon such payment the Wyzanskis should assign the said three mortgages and the notes and debts thereby secured to the plaintiff. We think neither party ought to have costs.

The decree of the Superior Court is reversed and the cause remanded to that court for further proceedings in accordance with this opinion.

*So ordered.*

*H. P. Harriman & J. F. Neal,* for the plaintiff.
*H. G. Allen,* for the defendants.