UNION TRUST COMPANY *vs.* JOHN HASSELTINE.

Suffolk.   November 18, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Pledge,* Of mortgage.   *Trust.   Mortgage,* Of real estate.

A pledgee of a mortgage of real estate, regularly assigned to him, may foreclose the mortgage for a breach of condition, if he deems such action to be best for the interests of himself and of the pledgor, and may exercise a power of sale contained in the mortgage and purchase the property at such sale if under the terms of the mortgage an assignee of the mortgage has a right to do so, but after such a purchase he holds the property as trustee for the pledgor and subject to redemption by him on payment of the debt which the mortgage was pledged to secure.

CONTRACT to recover the balance alleged to be due upon a certain promissory note signed by the defendant, payable to the plaintiff, with which three mortgages for $3,000 each had been deposited by the defendant with the plaintiff as collateral security therefor.   Writ in the Municipal Court of the City of Boston dated November 26, 1907.

On appeal to the Superior Court the case was tried before *Crosby*, J.   The plaintiff introduced the note with the indorsements thereon, and rested.

The defendant then offered to prove the following facts: That originally the defendant deposited with the plaintiff three mortgages for $3,000 each; that all of these mortgages were given by one Gould to one Pilling and by Pilling were assigned to the defendant through mesne assignments, and that the defendant at the time he pledged the mortgages to the plaintiff was the owner and holder of them; that afterwards two of the mortgages were sold by consent of the parties for $6,000, the payment of which sum was indorsed upon the note in suit, so that thereafter the plaintiff held the remaining mortgage as collateral security for the balance due on the note sued on; that on or about Octo-

ber 2, 1907, the plaintiff holding the mortgage for $3,000, having previously advertised the property covered by it, sold it upon foreclosure proceedings under the terms of and for breach of the conditions of the mortgage, and bid it off for the sum of $2,450; that it was bid off in the name of one Brooks, at the request of and for the benefit of the plaintiff; and that immediately on the same day Brooks made a conveyance of the property to the plaintiff, no consideration being given by Brooks; that a printed notice of the foreclosure proceedings giving the time and place of the sale was sent to the defendant; that the plaintiff did not sell the mortgage in question under the terms of the note sued on and took no proceedings to sell the mortgage or the note accompanying it under the terms of the note sued on; that, having bid in the mortgaged property, the plaintiff indorsed upon the note in suit the payment of the sum of $2,398.53, that being the alleged net proceeds of the foreclosure sale; that the plaintiff held the title to the lot of land so purchased from the time it bid it in at this foreclosure sale until April 4, 1908, when, without notice to the defendant or previous demand, it sold the land in question to one Hunt at a grossly inadequate price; that this last sale was not made in good faith, and that the value of the property, if sold at its fair market value, would have been more than enough to pay the amount due from Hasseltine to the plaintiff, that is to say, more than $3,000, with the interest, costs and expenses.

The defendant did not question the good faith of the plaintiff in making such foreclosure sale, and did not question that it was made in accordance with the terms of the mortgage, there being a breach as between the mortgagor Gould and the plaintiff, the assignee of the mortgage. All of the mortgages were in the usual form and purported to be first mortgages with the usual power of sale contained therein.

After having made the foregoing offer of proof the defendant asked the judge to make the following rulings:

" 1. The plaintiff had no right to foreclose the mortgage and bid in the property covered by said mortgage.

" 2. The plaintiff, as pledgee of the mortgage on lot 1651, had no right to become the purchaser either at foreclosure sale under the terms of the mortgage or become the purchaser of the mort-

gage under the terms of the note, as a pledgee cannot, unless under a special power in the note, become the purchaser of the property at any sale.

" 3. After the plaintiff had foreclosed the mortgage and purchased the property covered by the same, he still held said property as security for the defendant's note, and in trust for the defendant.

" 4. The plaintiff had no right to sell the property in question after the foreclosure proceedings, without giving the defendant due notice of any such proposed sale, and the plaintiff, being a trustee for the defendant of said property and holding the same in trust for him, was bound to get the largest possible price and use the utmost good faith in disposing of said property.

" 5. The plaintiff, having purchased or caused to be purchased the property at foreclosure sale, thereafter held the same in trust for the defendant, and the plaintiff had no right to sell said property under the terms of its note, because the defendant had a right to redeem said property at any time within three years after the date of such purchase.

" 6. The sale of the property in question under the terms of the mortgage was, so far as this defendant is concerned, null and void, as the note sued on did not give the plaintiff a right to foreclose said mortgage nor to become the purchaser of such property, and any such proceedings as were taken or attempted to be taken by the plaintiff were of no force or effect so far as it related to the defendant."

The judge refused to give any of these rulings, and ordered a verdict for the plaintiff in the sum of $972.14. The defendant alleged exceptions.

The case was submitted on briefs.

*C. F. Eldredge*, for the defendant.

*W. Howland & C. A. Warren*, for the plaintiff.

KNOWLTON, C. J. The defendant pledged to the plaintiff three mortgages, as collateral security for the payment of his promissory note. The contract of pledge gave the plaintiff " full power and authority to sell and assign and deliver the whole of said property, or any part thereof, or any substitute therefor, or any addition thereto, at any brokers' board, or any public or private sale, at the option of said trust company or its

president or treasurer, or its or their or either of their assigns, and with the right to be the purchasers themselves at such brokers' board, or public or private sale, on the non-perform-ance of this promise, . . . without advertisement or notice." The questions before us arise on the action of the plaintiff upon one of these mortgages. This mortgage the plaintiff foreclosed, by a sale under a power in the mortgage, for a breach of the condition thereof. It is agreed that this sale was made in good faith, and in accordance with the terms of the power. The plaintiff, through a third person, became the purchaser at the sale, and took from him a transfer of the property, which we assume was done under the authority of the power. The defendant was sued in this action for a bal-ance due upon his debt to the plaintiff, and he offered to prove that the plaintiff acted in bad faith in disposing of the property acquired under the foreclosure, and sold it for much less than it was worth. He claimed an allowance upon the note for its value.

The first question is whether the plaintiff could make a valid foreclosure of the mortgage under the power of sale contained therein. It was an assignee of the mortgage, and was within the terms of the power given by the mortgagor. As the holder of the mortgage title it had the right to foreclose, unless re-strained by the terms of its contract with the defendant as pledgor. The contract was silent on this point. The broad power to sell the pledged property did not in itself give a right to foreclose the mortgage. But the pledgee of property has the control of it for the time being, and he represents not only his own interest, but that of the pledgor, in taking any proper action for the preservation of it and the collection and care of its proceeds. If the pledged property is a promissory note or other evidence of debt, he may collect it when it becomes due. If it is stock in a corporation he may collect the dividends. If it is a mortgage upon land and regularly assigned to him, he may foreclose the mortgage for a breach of the condition, if he deems such action best for the interests of himself and the pledgor. 22 Am. & Eng. Encyc. of Law, (2d ed.) 895, 896, and cases cited. The right of a pledgee to foreclose a mortgage is recognized in this Commonwealth, although most of the cases

show a foreclosure by an entry and possession, rather than by a sale. *Brown* v. *Tyler*, 8 Gray, 135. *Stevens* v. *Dedham Institution for Savings*, 129 Mass. 547, 549. *Montague* v. *Boston & Albany Railroad*, 124 Mass. 242, 245. The language in the case of *Lord* v. *Hartford*, 175 Mass. 320, in which it was held that a pledgee " is precluded from buying the property pledged at a foreclosure sale, on the ground that his duty to the pledgor is inconsistent with his interest as a purchaser," was used of a purchase in reference to the right acquired under it as against the pledgor. He cannot take the title by virtue of the purchase at the auction sale and hold it absolutely, as against the pledgor. If he buys, he takes the title as a trustee for the pledgor, and holds it subject to redemption by him on the payment of the debt for which it was pledged. It was not intended to intimate that his right to foreclose, under the power, by virtue of his title as holder of the mortgage, does not enable him to buy it at the auction sale to prevent the sacrifice of the property, if the power in the mortgage gives such a right. If he does this, as was held of a similar foreclosure by possession in each of the cases above cited, he holds as a trustee for the pledgor, as well as for his own security. It was decided otherwise upon the facts in *Jennings* v. *Wyzanski*, 188 Mass. 285, 289, because, by the terms of the pledge, he was expressly authorized, not only to foreclose the mortgage but to purchase at the foreclosure sale. This, as, between the pledgor and pledgee, was held to give the pledgee a right to buy for himself at the sale.

It follows that the plaintiff, after the foreclosure, held the real estate in trust for the defendant, and it had no right to sell it without regard to his interests. The terms of the contract of pledge gave it no right to make such a sale as that which the defendant offered to prove. The third instruction requested should have been given.

*Exceptions sustained.*