SAMUEL ROSENBERG ET ALS

*vs.*

MOLLIE COHEN.

Cumberland.     Opinion September 4, 1928.

*Emery G. Wilson,* for plaintiffs.
*Harry S. Judelshon,*
*Edward Harrigan,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, PATTANGALL, JJ.

PATTANGALL, J. On exceptions. Real action. Case heard before single justice on agreed statement of facts. Verdict judgment for plaintiffs.

Defendant was in possession of demanded premises, holding record title thereto, subject to a mortgage given by a predecessor in title to "Rosenberg Bro's," the identity of the mortgagees so named and the plaintiffs being admitted. Prior to bringing this action, plaintiffs assigned their mortgage to a bank, as collateral security for a loan. That assignment still stands of record and the loan remains unpaid. Plaintiffs regularly and properly foreclosed mortgage by publication and seek to take possession of the property.

Defendant contends that plaintiffs are not the proper parties to maintain this action; that it must be brought by the bank or, at least, in the name of the bank, so long as the record remains as it now stands.

The case is silent as to whether or not the mortgage assigned to the bank was of greater or less amount than the note for which the collateral security was given. It is likewise silent as to whether or not plaintiffs' note to the bank was overdue and as to whether or not the bank objected to, consented to or knew of the foreclosure by plantiffs.

The issue, therefore, involves the broad proposition of whether or not a mortgagee, who has assigned a mortgage and endorsed the note secured thereby to a bank as collateral security for his own loan, by an assignment absolute in form, may properly foreclose the mortgage and maintain a writ of entry in his own name, in the absence of evidence that such action was taken by him with the knowledge or consent of the bank, or that the bank had refused to take action to protect his interests, or that the mortgage thus assigned was given to secure a note less in amount than that which mortgagee gave to the bank, or that mortgagee was not in default on his note thus given.

The actual facts in the instant case may not involve all of these questions, but on the record before us each becomes a part of the issue.

There is no question but that the bank might properly have foreclosed the mortgage and successfully demanded possession of

the premises covered by it. An assignee of a mortgage has a right to foreclose the same, not only by virtue of our statutes but at common law, as he is the real party in interest and the proceedings therefor may be brought in his own name. 20 Am. & Eng. Encyc. of Law, 1044. This is true although he holds the mortgage as pledgee, *Morgan et al* v. *Lake View Co.* (Wis.), 72 N. W., 872. As collateral security, *Holmes* v. *Turner Falls Co.*, 150 Mass., 535; *Jennings* v. *Wyzanski*, 188 Mass., 285; *Union Trust Co.* v. *Hasseltine*, 200 Mass., 414. In such cases the assignee or pledgee is trustee for the assignor or pledgor for any amount that may be due him as a result of the foreclosure.

But the right of the assignee to foreclose is not exclusive. The weight of authority is that where the owner of a mortgage has pledged it as collateral security for a debt of *less* amount than the mortgage, he still has such interest as entitled him to bring an action for the foreclosure of the mortgage. *Dickey* v. *Porter* (Mo.), 101 S. W., 591, and cases cited.

*Simpson* v. *Satterlee*, 64 N. Y., 657, is authority for the statement that "where the owner of a mortgage has pledged the same as collateral security for a debt *less* than the face of the mortgage, he has an interest in the same which entitles him to bring an action for the foreclosure of the mortgage."

In *Norton* v. *Warner*, 3 Edw. Ch. (N. Y.), 106, the court said, "Complainant had not divested himself of all interest or control over the mortgage. The assignment is but a partial one made to secure to the pledgee the payment of the loan, being less than the amount due on the mortgage. In equity he is still the owner, subject only to the lien or pledge for the loan. The pledgee might have filed a bill of foreclosure against the original mortgagor and in that case the pledgee would have been deemed a trustee for the mortgagee for the whole mortgage debt after satisfying his claim."

This doctrine has been repeatedly followed in New York. In *Ridgeway* v. *Bacon*, 72 Hun., 214, 25 N. Y. Supp., 651, it was said, "The fact that Smith holds the note and assignment as collateral to some promise or liability of Muller is not a good defense in favor of Bacon. It has long been settled that one who has assigned a lien as collateral security may, if he have an existing interest in it, maintain an action for its enforcement."

*Brulingame* v. *Pardee*, 12 Hun., 149, is of like tenor. The fact appearing that the mortgage having been transferred as collateral for an amount less than its face, the court in this case, affirming the doctrine of *Simpson* v. *Satterlee* and *Norton* v. *Warner*, supra, says, "Under such circumstances the pledgor ought certainly to have the right to protect himself, although the pledgee should not wish to foreclose and the pledgor ought not to be left to the remedy of tender and payment."

A pledgor of a note as collateral may obtain judgment thereon and take proceedings to enforce the same with the consent of the pledgee. *St. Paul National Bank* v. *Cannon* (Minn.), 24 A. S. R., 189; *Gilman* v. *Heitman* (Iowa), 113 N. W., 938.

It would appear, then, that a mortgagee who has assigned his mortgage and the note secured thereby to a third party as collateral, may maintain foreclosure proceedings and a writ of entry in his own name, provided that such proceedings are brought with the consent of his assignee, and that even without such consent he may proceed in his name if the pledged security is larger in amount than the note for which it is given, as collateral, he then being clearly a party in interest; and it may well be that, under certain circumstances, a refusal on the part of the pledgee to foreclose a mortgage even of less amount than pledgor's debt to him might give pledgor the right to proceed rather than to rely upon an action against pledgee for not having complied with his request, if damage would result from failure to do so.

The agreed facts in this case do not place the plaintiffs in either of these positions. We cannot assume the consent of the bank. Nor that the amount of the collateral note was less than the amount of the original mortgage. Nor that the note of the mortgagee to the bank is not in default. Nor that plaintiff had requested the bank to foreclose and that the bank had unreasonably refused to do so.

The absence of evidence establishing any of these important propositions, necessarily involved in determining whether or not the plaintiff is a party in interest, entitled the defendant to judgment in the court below.

*Exception sustained.*