Parsons, C. J.
[After stating the pleadings.] Under the general issue, it is very clear that this conveyance by the plaintiff could not be given in evidence ; for it is consistent with every allegation in the count, and in fact admits the plaintiff’s seisin, and the dis seisin complained of. The question is, whether it may be well pleaded in bar.
If a mortgage was a chose in action, not assignable at law, but only in equity, the bar would be bad, because the legal estate still remained in the mortgagee. So, when a man, not seised [ * 241 ] of land, executes a deed of conveyance, he * may after • wards maintain a real action in his own name, if nothing passed by the deed of conveyance. But if a man should execute a conveyance of any kind, by which the estate in fact and in law passed, or his right was extinguished, he could not after maintain an action in bis own name to recover seisin, if his conveyance be pleaded in bar. This distinction is to be found in the year books. For if the demandant has no interest in the tenements demanded, he has no cause to question the title of the tenant. But the tenant cannot avail himself of the conveyance of the demandant, made after a disseisin committed, under the general issue, because the evidence of the alienation or extinguishment does not contradict any allegation in the count. And after the disseisin complained of, the disseisee may have released to the disseisor, who may not be the tenant; in which case he would have no interest or claim remaining.
Now, after a mortgage, if the mortgagor remains in possession, it is not a disseisin of the mortgagee, who may convey the lands mortgaged to a third person, who shall thereupon be seised of the legal estate in the lands, subject to the condition in the mortgage. The conveyance is not, therefore, an assignment of a chose in action, but an alienation of the legal estate ; so that the mortgagee has no longer any right or interest in, or claims to, the land mortgaged. And having no legal claim to the lands, he can maintain no action to recover seisin of them ; but his alienation may bé pleaded in bar.
The making of the assignee of the mortgage an attorney, to sue it for his own use, in the name of the assignor, was founded in the mistake of the scrivener, in supposing the legal estate not to have passed by the assignment, but only an equitable interest.
The action in this form cannot be maintained ; but Pons may foreclose the mortgage by a suit in his own name. Indeed, if the legal estate in lands mortgaged did not pass by the as [ * 242 ] signment, great inconveniences would follow ; * for the *197 assignee must then use the name of the assignor, if living, or, if dead, of his executor or administrator, and might be embarrassed in obtaining a legal title, after a judgment and execution in the name of the assignor, or of his executor or administrator.
In this case, it is said that the bond, to secure the payment of which this mortgage was given, was also assigned; but, being a chose in action, judgment has been recovered on it in the name of the assignor, which is not satisfied. Notwithstanding those proceedings, Pons will be entitled, on his action, to foreclose the mortgage, to have the conditional judgment entered in his own name, unless the judgment on the bond shall have been before satisfied.
The replication must be adjudged bad, and the plaintiff can take nothing by his writ.