BRIDGET MULCAHY & another *vs.* JOSEPH B. FENWICK & another.

Suffolk. December 13, 1893. — March 28, 1894.

Present: ALLEN, HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Equity — Agency — Burden of Proof — Mortgage — Effect of Payment by Mortgagor to Third Person before Maturity and after Assignment — Negligence.*

Upon a bill in equity for the cancellation of a mortgage and a note secured thereby, which were obtained from the plaintiff by A., and assigned by the mortgagee, at A.'s request, without the plaintiff's knowledge, to the defendant, if the question whether A. was the defendant's agent, and as such agent received and collected from the plaintiff the principal and interest of the mortgage, is raised by the pleadings, and the facts reported by the justice of the Superior Court who heard the case, without determining it, are as consistent with the theory that A., in making payments of interest to the defendant, was acting for the plaintiff or for himself, as that he was an agent of the defendant, the plaintiff fails to sustain the burden of proving that the payments to A. were in effect payments to the defendant.

A mortgage of land, by the terms of which the mortgagor covenanted to pay the debt to B. " or his executors, administrators, or assigns," and a note secured thereby payable to B. " or order," were given for value by the mortgagor to A., whose clerk B. was, and who allowed his name to be used at A.'s request. On the next day B., also at A.'s request, assigned the mortgage together with " the note and claim thereby secured " to C., who paid value therefor to A. The mortgage and note were delivered to C., who thereafter retained them in his possession, but the note was not indorsed by B. to C. until after its maturity. The mortgagor had no actual notice of C.'s ownership of the mortgage and note, and, assuming that A. was the real party in interest, paid the principal and interest to him before maturity. A. paid to C. only the amounts of interest received by him, and afterwards absconded. *Held,* upon a bill in equity by the mortgagor against C. for the cancellation of the mortgage and note, that the mortgagor made the payments to A. at his own risk; and that the bill should be dismissed, without prejudice to his right to redeem, on paying the principal of the mortgage with interest from the date of the last payment received by C.

Negligence is not imputable to the assignee of a mortgage because he does not notify the mortgagor that he has taken an assignment, or because he receives interest from a third person who offers to see that he receives his interest, or because he does not demand payment at the maturity of the mortgage.

BILL IN EQUITY, filed in the Superior Court, as amended, on April 13, 1893, by Bridget Mulcahy and Daniel Mulcahy, her husband, against Joseph B. Fenwick and Minnie L. Fenwick, his wife, to compel the defendants to discharge a mortgage and surrender a promissory note secured thereby. The bill alleged, and the answer denied, that one Eben Hutchinson was the agent of the defendant J. B. Fenwick, and as such agent received and collected from the plaintiff the principal and interest of the mortgage. Hearing before *Richardson,* J., who found the following facts.

In or about the year 1885 the plaintiff, Mrs. Mulcahy, became owner in her own right of a parcel of land, with the buildings thereon, situated in .Chelsea. Her husband, Daniel Mulcahy, transacted all the business relating to the estate for her, she signing all deeds and documents whenever it was necessary by making her mark, not being able to read or write. About December 1, 1888, when the plaintiffs were erecting a house on the land, Hutchinson, who was an attorney at law, went upon the premises and asked Mulcahy if he desired to borrow some money. Mulcahy replied that he might want some money in a few days. Shortly afterwards Mulcahy called at Hutchinson's office in Chelsea, and the result of the interview between Mulcahy and Hutchinson was that Hutchinson agreed to lend the plaintiffs $1,100 in money, and also to assume and pay a mortgage of $1,700 held by Slade and Griffin upon the estate of the plaintiffs, and Mulcahy agreed that the plaintiffs would give Hutchinson a note for the $2,800, secured by a mortgage on the estate. In pursuance of this agreement, on or about December 7, 1888, Hutchinson lent the plaintiffs $1,100, paying the same in several sums at different times, and later Hutchinson paid and discharged the mortgage of $1,700, and on December 7, 1888, the plaintiffs signed a note for $2,800, and executed a mortgage upon the land in Chelsea for a like sum as security for the note, and gave the note and mortgage to Hutchinson. The note was payable to one Henry H. Letteney " or order," in three years from its date, and by the mortgage the plaintiffs covenanted to pay the debt to Letteney " or his executors, administrators, or assigns." Letteney executed an assignment of the mortgage and note, on December 8, 1888, to Joseph B. Fenwick, one of the defendants,

which recited that he did " hereby assign, transfer, and set over unto the said Joseph B. Fenwick the said mortgage deed, the real estate thereby conveyed, and the note and claim thereby secured." The terms and conditions upon which the money was lent were fixed by Hutchinson and Mulcahy, and without the knowledge of Fenwick, excepting that Fenwick had asked Hutchinson to get a mortgage of $2,800 for him, and had been told by Hutchinson that he had a mortgage or would get one for him. The note and mortgage were drawn by Hutchinson, or one of his clerks, and were executed by the plaintiffs at his office, and left there with Hutchinson, and the mortgage was recorded by Hutchinson on December 7, 1888, and the assignment was recorded by him on December 13, 1888. The mortgage and assignment were taken from the registry by Hutchinson about ten days after they had been left there to be recorded, and, together with the note and an insurance policy, were delivered by Hutchinson to Fenwick, who has ever since retained possession of them ; and the sum of $2,800 was given by Fenwick to Hutchinson at about that time.

Hutchinson was the only person whom the plaintiffs believed to have any interest in the note. The plaintiffs never had any talk with Letteney until after Hutchinson had absconded, and they never had any conversation with Fenwick until about July, 1892, when Fenwick for the first time stated to them that he held a mortgage upon their premises. Mulcahy paid to Hutchinson the interest on the note of $2,800 from time to time, and also the principal sum in instalments, on June 19, 1890, November 7, 1890, and March 17, 1891, respectively, and received therefor receipts, the signatures to the same being in the handwriting of Hutchinson. At the times when Mulcahy made the payments to Hutchinson, he saw Hutchinson have a note with the figure $2,800 in the left-hand corner, and his own signature at the bottom, and Hutchinson appeared to write on the back of the note, saying to Mulcahy, " You don't need a receipt ; this indorsement will answer." Fenwick received from Hutchinson the sums of money indorsed on the back of the $2,800 note held by Fenwick, amounting to $588, and received no more money from any source on account of the note. These indorsements were all in his handwriting, and were made by him

on or about the dates when the various sums of interest were paid to him by Hutchinson. If the statements of Hutchinson to Fenwick are admissible in evidence, it was shown and admitted that he stated to Fenwick, at the time that he made the first payment of interest, that he, Hutchinson, would see that Fenwick received his interest. No talk ever took place between Fenwick and Hutchinson in regard to payments of any part of the principal. Letteney was a clerk or scrivener in Hutchinson's office, and had no pecuniary interest whatever in the note and mortgage, and no part of the consideration came from him or through his hands, and he simply allowed his name to be used at Hutchinson's request, as he was accustomed to do. Fenwick never, in express terms, authorized Letteney or Hutchinson to collect any part of the principal. Mulcahy never had any conversation with Hutchinson or Letteney as to why the mortgage was made to run to Letteney instead of to Hutchinson.

In July, 1892, Fenwick called at the plaintiffs' house and informed them that he held a mortgage for $2,800 on their estate. That was the first notice that the plaintiffs had that Fenwick, or any one except Hutchinson, ever had an interest in the note and mortgage, although Fenwick and Mulcahy both lived in Chelsea, and Fenwick knew where Mulcahy lived. When the note for $2,800 was delivered by Hutchinson to Fenwick it was not indorsed, and remained unindorsed until after its maturity, in January, 1892, Fenwick supposing that he had a good title to the note; after the maturity of the note, he took it to Letteney and requested him to indorse it, which he did, without objection and without consideration.

The assignment from Letteney to Fenwick was taken by Fenwick without question, he having confidence in Hutchinson on account of his official and professional standing. The assignment was drawn in Hutchinson's office, and executed there by Letteney at Hutchinson's request and in his presence. Letteney had no interest in the assignment, received no part of the consideration for it, and none of it passed through his hands. Mulcahy executed the mortgage to Letteney because Hutchinson presented it to him for his signature, and Fenwick received the mortgage from Letteney because it was assigned to him, and without inquiry. The defendant Mrs. Fenwick took an assign-

ment from her husband of the mortgage and note in the usual form, about August 1, 1892, without consideration, and through a third person named McVey. About August 1, 1892, the plaintiffs requested the defendants to execute a discharge of the mortgage and to surrender the note, and they refused to do so.

Upon the above facts, the case was reserved for the consideration of this court.

*P. M. Keating*, for the plaintiffs.

*W. F. Kimball*, for the defendants.

BARKER, J.   The case is reserved by a justice of the Superior Court, upon facts found and reported by him, but without any determination or adjudication of the rights of the parties. The question whether Hutchinson was the agent of Fenwick, and as such agent received and collected from the plaintiffs the principal and interest of the mortgage, is one raised by the pleadings, and upon it the plaintiffs have the burden of proof. The facts reported are as consistent with the theory, that, in making the payments which he made to Fenwick, Hutchinson was acting for the plaintiffs, or for himself alone, as that he was an agent of Fenwick. The plaintiffs must therefore be held to have failed to prove that the payments to Hutchinson were in effect payments to Fenwick.

Upon the facts reported, the plaintiffs must be held to have made the payments to Hutchinson at their own risk. They had given a note and mortgage to one Letteney, who was a clerk in Hutchinson's office, and they assumed that Hutchinson was the real party in interest, and made their payments to him. The note was payable to Letteney or order in three years from its date, and on the day after its date the note and mortgage were sold for value to Fenwick, and delivered to him, and thereafter kept in his possession. The assignment of the mortgage to him purported also to assign, transfer, and set over to him the note and claim thereby secured, but the note was not indorsed by Letteney until January, 1892, after maturity. The payments of principal were made to Hutchinson on June 19, 1890, November 7, 1890, and March 17, 1891. The plaintiffs had no actual notice of Fenwick's ownership of the note and mortgage, and he gave them no notice that he was in any way interested in the matter.

As Hutchinson was not the payee of the note, he had no apparent right to receive payment upon it, and in paying to him the plaintiffs acted at their own risk, and must bear the loss. If the note had been non-negotiable, instead of negotiable and not indorsed by the payee, the result must have been the same. The plaintiffs undertook, by the terms of the mortgage, to pay the debt to Letteney " or his executors, administrators, or assigns," and by the note to pay it to Letteney " or order," and they have voluntarily chosen to pay to Hutchinson, who had no right, either from Letteney or the real owner, to receive payment. They are in the position neither of the maker of a negotiable note, who has paid it in due course of business to a holder who produced it in support of his authority to receive payment, nor of a mortgagor, who has paid to his mortgagee, having no knowledge that he has parted with the mortgage.

The plaintiffs contend that Letteney could not maintain an action against them upon the note, because it was not delivered to him and he paid no consideration for it; but the facts reported show that a full consideration moved to the plaintiffs for the note, and that they delivered both note and mortgage as operative instruments. The written assignment made Fenwick the owner of the note, although it was not indorsed, and payment to a stranger did not affect his rights.

The plaintiffs also contend that Fenwick was negligent in not giving the plaintiffs notice of the assignment before the maturity of the note, and that he should therefore bear the loss. But the law does not impute negligence to the assignee of a mortgage because he does not notify the mortgagor that he has taken an assignment, or because he receives interest from a third person, who offers to see that he receives his interest, or because he does not demand payment at the maturity of the mortgage. Fenwick owed no duty to the plaintiffs in this respect, and none of his acts stated in the report require the inference that he was at fault with reference to the plaintiffs.

The result is, that the plaintiffs have shown no right to have the note and mortgage cancelled, and their bill should be dismissed, without prejudice to their right to redeem on paying the principal of the mortgage, with interest from June 7, 1892, and a decree to that effect is to be entered in the Superior Court.

*So ordered.*