ELIZABETH MACFARLANE *vs.* S. BAYARD THOMPSON.

Suffolk.    December 6, 1921. — June 14, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

</div>

*Mortgage,* Of real estate: assignment, foreclosure, redemption.  *Pledge.  Equity Pleading and Practice,* Parties.  *Equity Jurisdiction,* To redeem from mortgage.

The assignee of an unrecorded power of sale mortgage of real estate, which he holds as collateral security for the mortgagee's promissory note, is entitled under G. L. c. 244, § 14, to foreclose the mortgage by exercising the power of sale, and, under G. L. c. 244, § 1, to recover possession by entry, and, while the assignment is in force, the mortgagee has no right either to exercise the power of sale or to make such an entry.

The owner of the equity of redemption of certain real estate subject to a mortgage which the mortgagee had assigned as collateral security for his promissory note, the assignment being unrecorded, brought a bill in equity for redemption against the mortgagee without joining the assignee.  The suit was referred to a master.  It appeared that the mortgagee had made an entry, had advertised a foreclosure sale under the power of sale in the mortgage and had been to some expense in connection with the sale when the suit was brought and he was enjoined from proceeding further.  He also had collected rents while in possession and had made expenditures in completing a second story and rebuilding a cesspool.  The master found that, as a condition of redemption, the plaintiff should pay a sum including the expenses of the foreclosure sale until the injunction, the expense of advertisement of the sale, and the expenditures made upon the property, and a decree was entered in accordance with the finding of the master.  The plaintiff appealed.  *Held,* that

(1) Since the defendant as mortgagee had no right to enter or to sell in foreclosure while the assignment was in force, the plaintiff should not be required to pay the expenses of the sale or of the advertising of the sale as a condition of redemption;

(2) The assignee should be made a party to the suit;

(3) If the assignee were made a party, he had a right to be heard upon the reasonableness of the expenditures upon the real estate;

(4) It would be inequitable not to require the plaintiff, as a condition of redemption, to reimburse the mortgagee for reasonable expenditures made by him in good faith which were a benefit to the property;

(5) The decree was reversed and the plaintiff was given leave to amend by joining proper parties; if no amendment was made in thirty days, the bill was to be dismissed.

BILL IN EQUITY, filed in the Superior Court on April 26, 1920, by the owner of the equity of redemption of certain property in Revere against a mortgagee, who, the plaintiff alleged, had assigned his mortgage, to enjoin the defendant from proceeding with foreclosure of the mortgage and from collecting rents after entry by him, and for redemption.

In the Superior Court, the suit was referred to a master. Material findings of the master are described in the opinion. The suit was heard upon the pleadings and the master's report by *Wait,* J., and a final decree was entered confirming the report and giving the plaintiff a right to redeem "upon payment by her of $3,212.19" with interest. The decree did not designate to whom payment should be made. The plaintiff appealed.

The case was submitted on briefs.

*S. W. C. Downey,* for the plaintiff.

*W. R. Bigelow & L. L. Green,* for the defendant.

CARROLL, J. The plaintiff executed to the defendant in December, 1919, a second mortgage of real estate for the sum of $2,-834.69, "upon the statutory condition for any breach of which the mortgagee shall have the statutory power of sale." It was payable in monthly instalments. In February, 1920, the mortgage was assigned to one Kempster by an assignment in common form; the master found that it was assigned as collateral security for the defendant's promissory note for $1,500, payable to Kempster. The assignment was not recorded. There was a default in the March instalment and the defendant's agent in that month made, in the presence of two witnesses, an open, peaceable and unopposed entry and took possession of the premises; the certificate of entry was duly recorded. The plaintiff alleges that the defendant has advertised the estate for sale under the power in the mortgage, has collected the rents and assigned the mortgage, that she is ready and willing to pay the amount due on the mortgage. She asks that a temporary injunction issue restraining the foreclosure sale; that the defendant be restrained from collecting the rents, and, upon the payment of all sums due, from foreclosing the mortgage; and that the plaintiff be entitled to redeem.

The case was sent to a master who stated the accounts between the parties and allowed the defendant for expenses in

connection with the foreclosure sale. A decree was entered ordering that the plaintiff might redeem on payment of the amount found due by the master, with interest. The plaintiff appealed. We assume that the plaintiff had the right of possession under the terms of the mortgage.

The master made no specific finding as to the foreclosure sale, and the final decree makes no reference to it; but it is shown by the pleadings that there was an attempt to exercise the power and, in the account the defendant was allowed for the expenses of the sale; and an *ad interim* injunction was issued, restraining it. We therefore consider the question of the defendant's right to exercise the power of sale.

R. L. c. 187, § 14, now G. L. c. 244, § 14, authorizes the person who has the mortgagee's estate in the land mortgaged, to do all the acts required by the power of sale; and it is well settled that an assignee of a mortgage has the right to exercise the power of sale. *Union Trust Co.* v. *Hasseltine,* 200 Mass. 414. As the power passed by assignment to the assignee and holder of the mortgage, he held the mortgagee's estate in the premises, the legal title of the mortgagee was vested in the assignee and the defendant had no authority to exercise the power. The right to exercise it belonged to the assignee and not to the defendant. *Barnes* v. *Boardman,* 149 Mass. 106, 115. *Gould* v. *Newman,* 6 Mass. 239, 241. *Sadler* v. *Jefferson,* 143 Ala. 669. *Harnickell* v. *Orndorff,* 35 Md. 341, 342. *Cohoes Co.* v. *Goss,* 13 Barb. (N. Y.) 137.

The decree also provided that the plaintiff could redeem on paying the amount found due by the master. Included in this amount were the expenses of the defendant in advertising the sale. As the defendant had no legal right to enforce the power, the plaintiff could not be compelled to pay the expenses incurred by the defendant in the sale.

The bill however could not be entertained as a bill to redeem until all the parties were before the court. The assignee of the mortgage was interested in the account. He held the legal title to the mortgage and was a necessary party to the plaintiff's bill in equity. He stood in the place of the original mortgagee and the decree for redemption could not be entered unless he was a party to the proceedings. *Lennon* v. *Porter,* 2 Gray, 473. *Doody* v. *Pierce,* 9 Allen, 141.

The plaintiff further alleged that the defendant, prior to the entry to foreclose, had assigned the mortgage and was not at that time the owner of it, and that when the defendant's agent made the entry he did not act as the agent of the assignee Kempster and had no authority from him. Under R. L. c. 187, § 1, G. L. c. 244, § 1, a mortgagee may, after breach of conditions of the mortgage, recover possession by entry, if not opposed by the mortgagor or by action; and by R. L. c. 187, § 8, G. L. c. 244, § 8, the entry may be made or action brought by the assignee of the mortgage. The action for possession is to be brought like a writ of entry against the tenant of a freehold, and is to be conducted as if brought by the original mortgagee. In *Wolcott* v. *Winchester*, 15 Gray, 461, it was held that the assignee of a mortgage whose assignment was not recorded in the registry of deeds, is entitled to a judgment in an action to foreclose the mortgage; and in that case, at page 467, it was said: "The validity of a deed, without acknowledgment or record, as against the grantor and his heirs or devisees, was directly settled in the cases of *Marshall* v. *Fisk*, 6 Mass. 24, and *Dole* v. *Thurlow*, 12 Met. 157, 162. As respects others than the grantor and his heirs, such deeds may avail where actual notice of their existence by the other party before he acquired his title is shown, and the deed has been recorded at any time before the trial of the action." See *Ruggles* v. *Barton*, 13 Gray, 506, where it was decided that the assignee of the mortgage was entitled to a conditional judgment for foreclosure. In *Hills* v. *Eliot*, 12 Mass. 26, decided in 1815, it was said at pages 30, 31: "when a mortgagee makes a deed of assignment upon the back of the mortgage deed, or by a separate instrument referring to it, the assignee is put in the place of the mortgagee, to all intents and purposes; unless a different intention is apparent from their contract." It has been held in some jurisdictions that the original mortgagee may sue in equity to foreclose a mortgage, when all who are interested may become parties. *Norton* v. *Warner*, 3 Edw. Ch. 106. *Simson* v. *Satterlee*, 64 N. Y. 657. But as the mortgagee had conveyed his interest by the deed of assignment, he had no legal claim on the estate and could not maintain an action at law to recover it while the assignment was in force. *Gould* v. *Newman, supra.* The defendant could not acquire possession of

the mortgage freehold by an action at law, since he had assigned the mortgage, and could not legally acquire possession by entry under the statute; and although the assignment was collateral security for the sum of $1,500 and the defendant retained an equitable interest in the mortgage, he could not make the entry under the statute.

It appears from the master's report that the defendant after he took possession of the mortgaged property expended the sum of $818.59 in completing the upper tenement and in rebuilding the cesspool; that in doing this work he acted in good faith; that the old cesspool was inadequate and that it became necessary to construct a new one. In a suit to redeem, as between the mortgagee and mortgagor, the mortgagee in possession is allowed for all amounts expended in reasonable repairs and improvements. G. L. c. 244, § 20. It would seem that the building of the cesspool was a reasonable repair and improvement within the meaning of the statute. As to the other work mentioned by the master: The report shows that the building on the premises was a two-story dwelling house; the upper tenement was unfinished, the front stairway was not built; the steam radiator in the bath room had not been connected; there were no conductors on the house; and in other ways the house was unfinished. We think from this finding it is to be inferred that the repairs and improvements were reasonable, and that these repairs together with the work on the cesspool, were the only improvements for which the defendant was allowed by the master. When allowance is made for repairs or improvements "it is made, not for the expenditure, with which *ex hypothesi* the mortgagor has nothing to do, but for the benefit which he actually receives from that expenditure." *Merriam* v. *Goss*, 139 Mass. 77, 82. *Boston Iron Co.* v. *King*, 2 Cush. 400, 405. We think this rule was followed by the master and the allowance made on the ground that the benefit to the plaintiff was as shown in the report. Even if the entry by the mortgagee was without legal right, under the facts disclosed in this case in a proceeding against him brought by the mortgagor he should be allowed for the amounts expended by him for reasonable repairs and improvements. It would be inequitable to deny him the right to recover for these expenses made in good faith; and as this is a proceeding in equity, and

the plaintiff seeks to redeem, the defendant should be allowed for the repairs and improvements as found by the master. If the assignee is made a party to the bill, he has the right to be heard on the question whether the alterations were in fact repairs and improvements and were reasonable; and on the question of the amount allowed. The findings of the master on these questions did not bind the assignee.

The decree must be reversed, but the plaintiff is given leave to amend by joining the proper parties. If no amendment of this kind is made within thirty days from the filing of the rescript, a decree is to be entered dismissing the bill.

*So ordered.*