LAMSON & CO., (INCORPORATED) *vs.* LOUIS B. ABRAMS.

Suffolk.   November 8, 1939. — February 16, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Mortgage*, Of real estate: assignment, foreclosure. *Landlord and Tenant,* Rent, Termination of tenancy.

A second mortgagee of real estate in possession, to whom a tenant had attorned, was entitled to rent of the mortgaged premises, and not one, who had been the duly recorded assignee of a first mortgage thereon and as pledgor had assigned the first mortgage as security to the payee of a collateral security note and thereafter had purported to make an entry to foreclose the first mortgage, although the assignment to the pledgee was unrecorded, the collateral security note provided that the pledgor was required to "take all necessary steps to . . . realize upon all collateral," and the pledgee reassigned the first mortgage to the pledgor after such purported entry but before the period for which the second mortgagee claimed rent and before the tenant on the pledgor's demand had paid the pledgor part of such rent.

CONTRACT. Writ in the Municipal Court of the City of Boston dated August 16, 1938.

There was a finding for the defendant by *Zottoli*, J. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*C. A. Warren & N. R. Voorhis,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

RONAN, J.    This is an action of contract to recover rent for the two months ending September 14, 1938.  The plaintiff, the holder of a second mortgage on the premises, a portion of which was occupied by the defendant, took possession for breach of the conditions of the mortgage on April 16, 1938;  and the defendant, after notice from the plaintiff, attorned to and agreed to pay the rent thereafter, in advance, to the plaintiff and did make all such payments up to the month and including the month ending July 14, 1938. On June 28, 1938, the Exchange Mortgage Loan Company (hereinafter called the loan company), purporting to be the holder of a first mortgage, took possession of the said premises, and in compliance with a demand made upon him the defendant, on August 19, 1938, paid the rent for the month ending August 14, 1938, to this company.  This first mortgage (hereinafter called the Brown mortgage) was given to the Exchange Trust Company, which duly assigned it on November 29, 1933, to the loan company.  The assignment was properly recorded.  The loan company borrowed a large sum of money from the Reconstruction Finance Corporation (hereinafter called the corporation), giving to the latter its promissory note, the payment of which was secured by certain mortgages including the Brown mortgage. These mortgages, together with their respective notes (each bearing the indorsement of the loan company) and an executed assignment for each mortgage, were delivered with the note to the corporation.  The loan company took possession of the Brown premises on June 28, 1938.  The corporation on July 14, 1938, assigned the Brown mortgage to the loan company and delivered the assignment and the mortgage note to the latter.  The assignment of this mortgage to the corporation and that to the loan company were never recorded.  The trial judge found for the defendant. The Appellate Division ordered the report dismissed and the plaintiff appealed.

The plaintiff contends that the loan company did not

have the legal title to the Brown mortgage when it took possession of the premises on June 28, 1938, and that it could not exercise the rights of a mortgagee while the mortgage remained assigned and pledged to the corporation.

The judge by his treatment of the plaintiff's requests for rulings found, in substance and effect, that the loan company as holder of the first mortgage demanded the rent from the defendant, and that the defendant attorned to the loan company to which on August 19, 1938, he paid the rent for the month ending August 14, 1938. He further found that the Brown mortgage was not assigned to the corporation but that the transaction amounted to a pledge and that there was no breach of the conditions of the pledge. He refused to grant the plaintiff's request that, upon the admitted facts, the plaintiff was entitled to a finding.

The various written instruments defining the terms and condition under which a large sum of money was lent by one corporation to another, setting forth the receipt by the lender of a number of mortgages, together with the notes that they secured, which were to be held and applied in the manner and for the purpose designated in the note evidencing the loan, and conferring certain rights and imposing prescribed obligations in carrying out the arrangement into which they had entered, must be construed as parts of a single transaction. *Skilton* v. *R. H. Long Cadillac La Salle Co.* 265 Mass. 595. *Baker* v. *James*, 280 Mass. 43. *Union Market National Bank of Watertown* v. *Nonantum Investment Co.* 291 Mass. 439.

The promissory note given by the loan company to the corporation authorized the latter upon a default of the former to sell, assign and deliver all or any of the collateral at public or private sale and to become the purchaser thereof. The loan company assigned the Brown mortgage to the corporation, together with the note and claim secured thereby, by an instrument under seal and in the statutory form. G. L. (Ter. Ed.) c. 183, § 8. Such an instrument did not merely transfer a chose in action but conveyed a legal estate in the mortgaged premises. *Gould* v. *Newman*, 6 Mass. 239. *Hills* v. *Eliot*, 12 Mass. 26.

*Barnes* v. *Boardman,* 149 Mass. 106.   *Holmes* v. *Turner's Falls Co.* 150 Mass. 535, 550.   *Mulcahy* v. *Fenwick,* 161 Mass. 164.   *Nathan Miller & Sons, Ltd.* v. *Blinn,* 219 Mass. 266.   *Kaufman* v. *Federal National Bank of Boston,* 287 Mass. 97.   The loan company then conveyed to the corporation all its interest in the note, the mortgage and the land described therein, excepting only the beneficial interest that remained after furnishing the mortgage as collateral security for the payment of its note.   The corporation had the legal title and upon a breach of the mortgage it could enter and take possession of the mortgaged premises and foreclose the mortgage in accordance with G. L. (Ter. Ed.) c. 244, § 1, *Brown* v. *Tyler,* 8 Gray, 135; *Montague* v. *Boston & Albany Railroad,* 124 Mass. 242, 245; *Stevens* v. *Dedham Institution for Savings,* 129 Mass. 547, or it could foreclose the mortgage by exercising the power of sale that it contained and become the purchaser of the premises.   The equities of the loan company would be cut off by the sale and the purchaser would become the owner of the property.   *Jennings* v. *Wyzanski,* 188 Mass. 285.   *Seder* v. *Gould,* 274 Mass. 223.   *Richmond* v. *Charlestown Five Cents Savings Bank,* 283 Mass. 380.

With such an amplitude of power over the possession and disposition of the mortgaged realty, inherent in the holder of the mortgage by virtue of the assignment to it, it is difficult to see the existence of any such power remaining in the assignor.   It was decided long ago in *Gould* v. *Newman,* 6 Mass. 239, that the assignor could not maintain foreclosure proceedings and obtain a conditional judgment.   In *United States Trust Co.* v. *Commonwealth,* 245 Mass. 75, 79, it was said that "The assignee of a mortgage by duly recorded assignment, who is also indorsee of the note secured thereby, holding them as collateral, has the same rights, interests and benefits as the original mortgagee as to all persons other than his assignor and pledgor.   He is the holder of the record title.   He may foreclose the mortgage and convey to the purchaser title to the land."   The assignment from the loan company to the corporation was not recorded, and the mortgage continued to stand in the

name of the loan company upon the record at the registry. But it has been decided in *MacFarlane* v. *Thompson*, 241 Mass. 486, that a mortgagee who has assigned the mortgage as collateral security for the payment of a debt, which assignment was not recorded, could not acquire possession of the premises or foreclose the mortgage, but that the holder of the unrecorded assignment was entitled to take possession and to foreclose by sale. The corporation was the actual holder of the mortgage on June 28, 1938, when the loan company entered upon the premises and filed a certificate of entry. G. L. (Ter. Ed.) c. 244, § 2. It is apparent that while the assignment was held by the corporation the loan company had no authority to take possession under the mortgage. It has frequently been held that possession taken by a mortgagee that is ineffectual for the purpose of foreclosure may be valid for the purpose of collecting the rent. *Stone* v. *Patterson*, 19 Pick. 476. *Welch* v. *Adams*, 1 Met. 494. *Shepard* v. *Richards*, 2 Gray, 424. *Cook* v. *Johnson*, 121 Mass. 326. But those decisions do not help the defendant because in those cases the mortgagee had the title to the mortgage while in the case at bar the loan company had no title to the mortgage. Although the mortgage was reassigned prior to the period for which the rent is claimed, there was no evidence that the loan company made any entry subsequently to the reassignment or exercised any real possession over the land. The mortgagee, after a breach of the conditions of the mortgage, is not entitled to receive the rent without an entry under the mortgage and notice to the tenant to pay him the rent, *Field* v. *Swan*, 10 Met. 112, 114; *Tilden* v. *Greenwood*, 149 Mass. 567, 569; *Elmore* v. *Symonds*, 183 Mass. 321, 323, and the tenant does not become liable to the mortgagee unless in order to avoid an eviction he attorns to the mortgagee and agrees to pay the rent to him. *Winnisimmet Trust, Inc.* v. *Libby*, 234 Mass. 407. *Burke* v. *Willard*, 243 Mass. 547. *Moss* v. *Grove Hall Savings Bank*, 290 Mass. 520. It is undisputed that the only entry made occurred on June 28, 1938, when the loan company for itself and not in behalf of the corporation took possession. The loan company did not then

hold the mortgage and it was not entitled to the rent. *Gould* v. *Newman*, 6 Mass. 239. *Wolcott* v. *Winchester*, 15 Gray, 461. *Holmes* v. *Turner's Falls Co.* 150 Mass. 535. *MacFarlane* v. *Thompson*, 241 Mass. 486.

The promissory note given to the corporation required the loan company to "take all necessary steps to administer, supervise, preserve, protect and realize upon all collateral; regardless of any action taken by the Payee, there shall be no duty upon it in this respect." The title to the mortgage was in the corporation until July 14, 1938, when it gave the loan company a reassignment of this mortgage. It is clear that the quoted provision of the note did not empower the loan company to proceed to foreclose the mortgage while it stood in the name of the corporation. Both must have understood that only the holder of the mortgage had such authority and, consequently, in order to permit the loan company to foreclose, the corporation reassigned the mortgage and expressly noted upon its records that a foreclosure was authorized. The loan company was bound to aid and assist the corporation in administering and realizing upon the collateral, but the note also provided that the sale, lease, transfer or pledge of the interests of the loan company in the collateral would constitute a breach of the note unless such action did not affect rights of the corporation in the collateral and unless the agreement of the loan company to sell, lease or pledge was in writing and in a form satisfactory to the corporation. These provisions of the note are consistent. The loan company could act as agent of the corporation in assisting the latter to convert the collateral into cash. The title of the corporation to the collateral was not affected by such an arrangement.

The assignment of the Brown mortgage was made as collateral security for the note. There is nothing in the provisions of the note from which it could be found that the assignment was not to become effective upon its delivery. *Zielmann* v. *Copelof*, 232 Mass. 393. *Buckley* v. *Hacking*, 258 Mass. 525. *Dodge* v. *Bowen*, 264 Mass. 208. *Starks* v. *O'Hara*, 266 Mass. 310. *Quincy Trust Co.* v. *Woodbury*, 299 Mass. 565. The defendant was not a party to the

contract made between the loan company and the corporation and was not bound by the contract. He could show what was really the transaction. *Guaranty Security Corp.* v. *Eastern Steamship Co.* 241 Mass. 120. *Tripp* v. *National Shawmut Bank of Boston,* 263 Mass. 505, 511. But upon the record there was no evidence that the transaction was different from what was disclosed by the various documents. Failure to record the assignment of the mortgage was no evidence that the title to the mortgage had not passed to the corporation or that it was not held as collateral under its note. Recording of the assignment was not necessary to convey title. The reassignment of the mortgage from the corporation to the loan company, with the notation upon the records of the corporation that the foreclosure was authorized, shows that the title to the mortgage had been assigned to the corporation. It is plain that the title was in the corporation when the loan company took possession on June 28, 1938. *Morris* v. *Bacon,* 123 Mass. 58, 59. *O'Gasapian* v. *Danielson,* 284 Mass. 27, 30.

The record title of the mortgage was in the name of the loan company when entry was made and when the defendant attorned to it and paid the rent. The purpose of the recording statute, G. L. (Ter. Ed.) c. 183, § 4, is to show the condition of the title to a parcel of land and to protect purchasers from conveyances that are not recorded and of which they have no notice. *George* v. *Wood,* 9 Allen, 80. *Stark* v. *Boynton,* 167 Mass. 443. *Philadelphia & Reading Coal & Iron Co.* v. *Boston,* 211 Mass. 526. *Potter* v. *Aiden Lair Farms Association,* 225 Mass. 97. One is entitled to rely upon the record to ascertain the existence of an encumbrance that must be recorded in order to prevail over a *bona fide* purchaser. He may deal with the title to the land as he finds it upon the record. *Commonwealth* v. *Globe Investment Co.* 168 Mass. 80. *Swasey* v. *Emerson,* 168 Mass. 118. One asserting a right depending upon the present ownership of an outstanding mortgage might not be able to establish such ownership by the record title. A transfer of the mortgage note is not required to be recorded. The record may not show any breach of a recorded mortgage.

The holder of the mortgage and the holder of the note may be different persons. The interest of anyone in an existing mortgage may be shown by parol — evidence is not confined to the record title. The plaintiff could show that the loan company was not the holder of the mortgage at the time of the entry. *Wolcott* v. *Winchester,* 15 Gray, 461. *Waltham Co-operative Bank* v. *Barry,* 231 Mass. 270. *Hillside Co-operative Bank* v. *Cavanaugh,* 232 Mass. 157. *Weinberg* v. *Brother,* 263 Mass. 61. *O'Gasapian* v. *Danielson,* 284 Mass. 27.

The defendant was the tenant of the plaintiff at the time the entry was made by the loan company and, that entry being invalid, the defendant failed to sustain the burden of showing that the payment of the rent to the loan company subsequent to its entry and while the defendant continued in the use and enjoyment of the premises was a bar to the collection of rent by the plaintiff or that he had been discharged from such liability by eviction by a superior title. *Wright* v. *Old Colony & Fall River Railroad,* 9 Gray, 413. *Gerrish Dredging Co.* v. *Bethlehem Shipbuilding Corp. Ltd.* 247 Mass. 162. *Rome* v. *Johnson,* 274 Mass. 444, 450. *Connolly* v. *Kilcourse,* 285 Mass. 398.

In principle, we think the case is settled by decisions holding that a tenant who attorns to the record holder of a mortgage that the tenant does not know has been paid continues liable to pay the rent to the owner of the premises. *Baker* v. *Gavitt,* 128 Mass. 93, 96. *Crowley* v. *Adams,* 226 Mass. 582, 585.

In the opinion of a majority of the court the plaintiff's request for a ruling that upon the admitted facts it was entitled to a finding ought to have been given. Consequently, the order of the Appellate Division dismissing the report must be reversed, the finding for the defendant vacated, and judgment entered for the plaintiff for the full amount of its claim, with interest from the date of the writ. *Fiske* v. *Boston Elevated Railway,* 289 Mass. 598. *Keeney* v. *Ciborowski,* 304 Mass. 371.

*So ordered.*