CHARLES D. BROWN, receiver, *vs.* GENERAL TRADING COMPANY.

Suffolk.    October 6, 1941. — November 19, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Mortgage,* Of real estate: assignment, foreclosure. *Landlord and Tenant,* Existence of relation, Termination of relation. *Conversion.*

After a mortgagee of real estate had assigned the mortgage to a creditor as security together with his rights in proceedings which he had begun for its foreclosure, he had no further right in his own behalf to complete the foreclosure by sale or to enter to foreclose; and a lease given by him after purchasing at a foreclosure sale so completed was of no effect as against a tenant at will of the mortgagor.

A tenant of a mortgagor of real estate properly was found not to have become a tenant of the mortgagee upon a purchase by the mortgagee at a void foreclosure sale merely because, at the mortgagor's request, he had paid rent to the mortgagee; and the tenancy under the mortgagor continued.

One, unlawfully taking possession of land and of the chattels of a tenant thereon, thereby became liable to the tenant for damages resulting from interference with a business conducted by him on the land and for conversion of the chattels.

CONTRACT OR TORT.    Writ in the Superior Court dated March 11, 1936.

The case was heard by *Morton,* J., without a jury.

*W. J. Good,* (*C. D. Brown* with him,) for the plaintiff.

*J. F. Cavanagh,* for the defendant.

RONAN, J.  The Publix Stations, Inc., hereinafter called the plaintiff although Brown is now receiver of its property and was permitted to prosecute this action, became a tenant at will of the trustees of the Park Square Real Estate Trust, hereinafter called the trust, of certain premises on Stuart Street in Boston in April, 1934, which it thereafter used for a parking lot for automobiles and for the sale of automobile accessories until December 4, 1935, when possession of the said premises was taken by the defendant, purporting to act under a lease given to it by the New York, New Haven and Hartford Railroad Company, hereinafter called the railroad.  The plaintiff brought this action in tort to recover damages for the conversion of its property, for its wrongful detention, and for eviction from the premises by the defendant.  The case was heard in the Superior Court upon the report of an auditor, evidence upon the question of damages, and a decree of the District Court of the United States for the District of Connecticut dated August 14, 1936, authorizing the Reconstruction Finance Corporation, hereinafter called the R. F. C., to foreclose a mortgage given by the trust to the railroad on January 2, 1917, and assigned by the railroad to the R. F. C. on November 23, 1934. The judge found for the defendant.  The case is here upon the exceptions taken by the plaintiff to the refusal of the judge to grant certain requests for rulings.

The principal issue to be decided in this case is which party was entitled to possession of the premises on December 4, 1935, when the defendant entered and took possession; and that, in turn, depends on the right of the railroad to foreclose on September 3, 1935, the mortgage given to it by the trust.

The facts relative to title are not in dispute and may be briefly summarized.  The railroad on January 2, 1917, sold certain premises, including the locus in question, to the trust which, on the same date, gave back to the railroad a mortgage containing the regular statutory power of sale in case of default.  The railroad on December 19, 1933, by publication began a proceeding to foreclose the mortgage, in accordance with the power of sale therein contained, by

a public sale which was to be held on January 10, 1934, but which was continued from time to time. The railroad assigned this mortgage to the R. F. C. on November 23, 1934, together with all its right, title and interest to the proceeding instituted by it by publication made on December 19, 1933, under the provisions of G. L. (Ter. Ed.) c. 244, §§ 14 and 15, and appointed the R. F. C. its attorney to complete such proceeding in its own name or in the name of the railroad, or to compromise or terminate said proceeding, or to complete the sale under the power of sale, or to take such other steps as it might deem necessary.

After this assignment the sale originally set for January 10, 1934, was continued by the railroad from time to time until September 3, 1935, when the premises were bid in by the railroad. The railroad in its own behalf on September 3, 1935, made an entry upon the premises for the purpose of foreclosing this mortgage. A new mortgage was given by the railroad to the R. F. C. as partial security for an indebtedness owed to the latter by the former "and in lieu of three (3) instruments of assignment to said Reconstruction Finance Corporation of the mortgages and notes of the Trustees of the Park Square Real Estate Trust, dated November 23, 1934." The railroad gave a lease of the premises to the defendant to take effect on November 19, 1935. The railroad on November 12 gave the plaintiff a written notice to quit and deliver up the premises within seven days. A second notice to deliver up the premises on December 3, 1935, was given to the plaintiff on November 22, 1935. The plaintiff continued in possession until the early morning of December 4, 1935, when the defendant took over possession.

On petition filed by the R. F. C. in the District Court of the United States for the District of Connecticut, where reorganization proceedings were pending against the railroad, to rescind the attempted foreclosure on September 3, 1935, of the mortgage from the trust dated January 2, 1917, and to allow the R. F. C. to foreclose the said mortgage on its own account, the latter was authorized to foreclose this mortgage.

It has long been settled in this Commonwealth, that the railroad took the legal title to the land described in the mortgage, and the R. F. C. as its assignee took a similar title. *Gould* v. *Newman*, 6 Mass. 239. *Hills* v. *Eliot*, 12 Mass. 26. *Barnes* v. *Boardman*, 149 Mass. 106. *Mulcahy* v. *Fenwick*, 161 Mass. 164. *Nathan Miller & Sons, Ltd.* v. *Blinn*, 219 Mass. 266. *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68. *Kaufman* v. *Federal National Bank of Boston*, 287 Mass. 97. The fact that the assignment was given as collateral security for an indebtedness did not limit the ordinary effect of the assignment as against one lawfully in possession of the land, nor enable the assignor, acting in its own behalf, to make an effectual entry upon the land or a valid exercise of the power of sale. *Brown* v. *Tyler*, 8 Gray, 135. *Stevens* v. *Dedham Institution for Savings*, 129 Mass. 547. *Holmes* v. *Turner's Falls Co.* 150 Mass. 535. *MacFarlane* v. *Thompson*, 241 Mass. 486. *Lamson & Co. (Inc.)* v. *Abrams*, 305 Mass. 238. Although the railroad began foreclosure proceedings by publication in December, 1933, it did not enter and take possession of the premises until October 2, 1934. But by an instrument dated October 24, 1934, and recorded on October 27, 1934, the railroad waived the possession so taken. The entry made at the time of the foreclosure sale of September 3, 1935, and the sale to the railroad did not affect the plaintiff's tenancy. At that time, the legal and record title to the mortgage was in the R. F. C. The entry and sale were made by the railroad acting entirely in its own behalf, as shown by the certificate of entry, the foreclosure deed, and the new mortgage by the railroad to the R. F. C. By reason of the assignment of the original mortgage to the R. F. C. the railroad was without authority to foreclose this mortgage on September 3, 1935. In so far as the sale on that day can be considered as a continuation of the proceedings begun on December 19, 1933, it is sufficient to say that whatever right the railroad had was expressly transferred to the R. F. C. with the assignment of the mortgage on November 23, 1934. The railroad consequently did not become the owner of the premises by virtue of this foreclosure and was not thereby empowered to exe-

cute a lease to the defendant or to authorize the defendant to take possession of the premises. *MacFarlane* v. *Thompson*, 241 Mass. 486. *Lamson & Co. (Inc.)* v. *Abrams*, 305 Mass. 238.

The defendant contends that the plaintiff was a tenant of the railroad, and relies upon payment of rent by the plaintiff each week to the railroad from October 2, 1934, until the plaintiff was given a notice to quit on November 12, 1935. Until the foreclosure on September 3, 1935, the plaintiff, pursuant to a request of the trust to make the rental checks payable to the railroad in accordance with an arrangement between the trust and the railroad, sent these checks to the railroad. The auditor properly found that this did not amount to a recognition by the plaintiff of the railroad as its landlord. They were payments made in behalf of the landlord and for its accommodation and not as the result of any agreement between the plaintiff and the railroad. *Wright* v. *Old Colony & Fall River Railroad*, 9 Gray, 413. *Gerrish Dredging Co.* v. *Bethlehem Shipbuilding Corp. Ltd.* 247 Mass. 162. *Skolnick* v. *East Boston Savings Bank*, 307 Mass. 1.

The plaintiff paid no rent after it received the notice dated November 12, 1935, to quit and deliver up the premises. The plaintiff took the position that the railroad acquired no title by the foreclosure of September 3, 1935, and refused at all times to recognize the railroad as its landlord. Under these circumstances, there was no agreement either express or implied between the plaintiff and the railroad by which the plaintiff subsequently to November 12, 1935, continued in occupancy of the premises and consequently the plaintiff never became the tenant of the railroad. *Central Mills Co.* v. *Hart*, 124 Mass. 123. *Carpenter* v. *Allen*, 189 Mass. 246. *Burke* v. *Willard*, 243 Mass. 547. *Glickman* v. *Commonwealth*, 244 Mass. 148. *Gaertner* v. *Donnelly*, 296 Mass. 260. The notices to quit given by the railroad were ineffectual to terminate the plaintiff's tenancy as the tenant of the trust. Upon the findings of the auditor, the plaintiff continued in lawful possession as a tenant of the trust. There was error in refusing to grant

the third, fifth, sixth and ninth requests of the plaintiff, which in effect sought rulings that the railroad did not acquire any title by the foreclosure deed, that the entry of the defendant on December 4, 1935, was wrongful, that the plaintiff's tenancy was unaffected by the foreclosure, and that the plaintiff was entitled to damages for interference with its business. The exclusion of the plaintiff from the possession of the premises by the defendant was tortious and entitled the plaintiff to damages. *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220. *Mitsakos* v. *Morrill*, 237 Mass. 29. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602. *New England Mica Co.* v. *Waltham Factories, Inc.* 301 Mass. 56. *Mescall* v. *Somerset Savings Bank*, 305 Mass. 575.

The claim of the plaintiff for conversion of its property remains for consideration. The auditor found that some of the property referred to as equipment was on the premises when the plaintiff became a tenant and that some of it had become a part of the realty. The title to none of the so called equipment was found to be in the plaintiff. There was no error in the judge's adopting the conclusions of the auditor as to this class of property. The auditor, however, found that the plaintiff owned certain personal property which was on the premises when the defendant took possession. This property consists of a time clock case, a small metal booth, a tire rack, two flood lights, two electric gas pumps, some aisle posts, a lift and a large sign. Shortly after the defendant took possession the plaintiff started to remove the gas pumps but was prevented by the defendant. The plaintiff's employees then left the premises and thereafter no demand for these goods was made upon the defendant. The latter, however, without the plaintiff's consent, has used this property in conducting its business. Upon the alternative findings of the auditor, which appear to be free from error, the defendant had converted the plaintiff's property and, there being nothing in the report inconsistent with these findings or in the oral evidence at the trial, the judge should have found for the plaintiff for the conversion of these articles of personal property. *Wade*

v. *Buchanan*, 306 Mass. 318, 324.  There was error in the refusal of the plaintiff's eighth request, to the effect that it was entitled to damages for the conversion of its property. *Delano* v. *Curtis*, 7 Allen, 470.  *Hinckley* v. *Baxter*, 13 Allen, 139.  *Guthrie* v. *Jones*, 108 Mass. 191.  *Korbe* v. *Barbour*, 130 Mass. 255.  *Luddington* v. *Goodnow*, 168 Mass. 223. *Jean* v. *Cawley*, 218 Mass. 271.  *Geguzis* v. *Brockton Stand ard Shoe Co.* 291 Mass. 368.

*Exceptions sustained.*