*Southern District*

### No. 34396

**J. P. DONAHOE CONSTRUCTION CO., INC.**

v.

**MAXWELL WEINER ET AL**

### No. 34397

**J. P. DONAHOE CONSTRUCTION CO., INC.**

v.

**HARRY SLOBVODNICK ET AL**

### No. 34407

**J. P. DONAHOE CONSTRUCTION CO., INC.**

v.

**JUANITA MAGUIRE**

### No. 34412

**J. P. DONAHOE CONSTRUCTION CO., INC.**

v.

**ERWIN HAMBERGER ET AL**

### No. 34413

**J. P. DONAHOE CONSTRUCTION CO., INC.**

v.

**GEORGE CHERIN ET AL**

*Present:* Nash, P.J., Cox & Murphy, J.J.

Case tried to *Robinson, J.* in the District Court of East Norfolk.

Cox, J. These are five actions by the same plaintiff against defendants who are or were tenants in five apartments in an apartment complex in the town of Randolph. Each action is for use and occupation. Each presents the same single question of law which the justice decided against the plaintiff. The question is whether the plaintiff had a right of entry to foreclose a mortgage which it had previously

assigned as collateral and to collect the rents thereafter accruing.

The pertinent facts are that the plaintiff was the holder of a second mortgage on the apartment buildings, which mortgage was dated May 7, 1963 and was duly recorded with Norfolk Deeds. By an instrument dated September 22, 1964 the plaintiff assigned its second mortgage to New Amsterdam Casualty Company. The assignment, also duly recorded, contained a clause that it was "in accordance with the agreement between the New Amsterdam Casualty Company and the J. P. Donahoe Construction Co., Inc. dated September 22, 1964." This agreement was not recorded. Thereafter, on October 20, 1964, the plaintiff, by its president, undertook to make an open, peaceable and unopposed entry of the premises for the purpose of foreclosing the second mortgage. It unsuccessfully claimed the rents from the tenants.

After the five actions were brought, the defendants, Weiner (Case No. 34396), Slobvodnick (Case No. 34397) and Maguire (Case No. 34407) filed interpleaders in which each admitted owing the amount claimed and asked the court to determine to whom the rents were payable. See G.L. c. 231, §40. The owner of the apartment houses was made a party respondent in those three cases and claimed the rents. The judge found that the owner and not the plaintiff was entitled to the rents.

In the Hamberger (Case No. 34412) and Cherin (Case No. 34413) there were findings for the defendants.

 In all cases the judge found that by virtue of the assignment of its mortgage the plaintiff had no right to make an entry upon the mortgaged premises and therefore was not entitled to the rents. He denied the plaintiff's requested rulings that it had made a lawful entry and thereby became entitled to the rents and reported the case at the plaintiff's request for our determination.

The judge was right.

The plaintiff contends that the reference to its agreement in its assignment to New Amsterdam made the agreement admissible to show by its terms that it had the right to foreclose. The said agreement was excluded and no report of its execution was claimed by the defendant. But we see no error in its exclusion in any event.

Our law is settled that the plaintiff as mortgagee took the legal title to the property described in the mortgage. New Amsterdam as its assignee took a similar title. See *Kaufman* v. *Federal National Bank*, 287 Mass. 97, 102. ''The fact that the assignment was given as collateral security for an indebtedness did not limit the ordinary effect of the assignment as against one lawfully in possession of the land, nor enable the assignor (plaintiff), acting in its own behalf, to make an effectual

entry upon the land or a valid exercise of the power of sale." *Brown* v. *General Trading Co.,* 310 Mass. 263, 266. See also *Lamson & Co., (Inc.)* v. *Abrams,* 305 Mass. 238, 240-245. *MacFarlane* v. *Thompson,* 241 Mass. 486, 488.

On the strength of such authority it is clear that the plaintiff's title as mortgagee was vested in New Amsterdam as assignee of the mortgage and that the power to enter to foreclose on October 20, 1964 belonged to New Amsterdam and not to the plaintiff. As the plaintiff on that date had no right to enter it was not entitled to the rents thereafter accruing from the tenants. The judge correctly so ruled. As already pointed out the result is not affected by the fact that the assignment was given only as collateral security to secure the performance of an agreement with New Amsterdam. *Brown* v. *General Trading Co.,* 310 Mass. 263, 266.

As we perceive no prejudicial error of law an order should be entered in each case dismissing the report.

FRANCIS X. MORAN
for the Plaintiff

ALBERT WUNDERLY
of Boston for all Defendants and
Petitioners in Interpleader.