[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff ("Aetna") seeks to collect unpaid rent arising out of a lease between the defendants and a partnership whose interest the plaintiff alleges it succeeded to by virtue of having foreclosed the mortgage on the building owned by the partnership.
This matter is presently before the court in connection with plaintiff's motion for summary judgment. The specific issue raised by the defendants' objection to the motion is whether the defendant's obligation to pay rent under the lease was extinguished when the mortgage — to which the lease was subordinate — was foreclosed.
The standard for evaluating a motion for summary judgment is well established.
Summary judgment shall be rendered if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book 384. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). The court must view the evidence in the light most favorable to the nonmovant. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Telesco v. Telesco,187 Conn. 175, 718, 447 A.2d 752 (1982). Nolan v. Borkowski,206 Conn. 495, 500 (1988).
Simply to assert the presence of an issue of fact is not sufficient to justify the denial of a motion for summary judgment: CT Page 878
 Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. [Citations omitted]. It is not enough however, for the opposing party merely to assert the existence of such a disputed issue.
Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984) (emphasis added).
The following uncontroverted facts are disclosed from the pleadings and affidavits of the parties. In December, 1989, Aetna loaned 274 Summer Street Associates Limited Partnership ("the Partnership") $7,100,000. The loan was secured by a mortgage on property owned by the Partnership at 274 Summer Street in Boston. The partners of 274 Summer Street Associates are Brian McCoy, Happy Hawn, D. Cleveland Patterson and V. Gibney Patterson who are the defendants in this action.
As a condition of the loan from Aetna the partnership entered into a lease with the defendants for a portion of the space at 274 Summer Street. The parties to the lease executed a Master Lease and Agreement Re: Master Lease ("The Agreement"). These documents provided, inter alia, that the lease was subject and subordinate to the mortgage and that the lease was executed as a condition of the mortgage. Paragraph 5 of the Agreement specifies that:
 Tenant shall attorn to and recognize any purchaser at a foreclosure sale under the Mortgage, any transferee who acquires the Leased Premises by deed in lieu of foreclosure, and the successors and assigns of such purchaser, as its landlord for the unexpired balance of the term of the Master Lease Agreement upon the same terms and conditions set forth in the Master Lease Agreement.
Finally, the Partnership also executed an Assignment of Leases and Rents which assigned to Aetna all right, title and interest of the Partnership in all present and future leases.
On November 1, 1990, the Partnership defaulted on the mortgage. On the same day it also defaulted under the terms CT Page 879 of the lease. In early January, pursuant to Massachusetts law, Aetna made a peaceable and unopposed entry into the property for the purpose of taking possession. Aetna also served each tenant including the Partnership with notice of its rights under the Assignment and demanded payment of future rents. On March 1, 1991, Aetna commenced a foreclosure action. In late April, 1991, it took possession of the property pursuant to a foreclosure by sale. In June, 1991, it notified defendants that it succeeded to the Partnership's interests under the lease and informed defendants that they had defaulted under the terms of the lease for failure to pay rent.
In July, 1991, plaintiff commenced this action seeking recovery of unpaid rent. Defendants' first special defense, which is the basis of their objection to summary judgment, alleges that they are excused from paying rent because the lease was extinguished when the mortgage was foreclosed. More specifically, the defendants argue that in the absence of the defendants having attorned to Aetna prior to the foreclosure, the defendants owed no lease obligations to the plaintiff.
Both parties agree that Massachusetts law controls the interpretation of the lease in this case. Endicott Assoc. v. Thorne, 111 Conn. 607, 698 (1930). The parties further agree that Lamsin Company, Inc. v. Abrams, 305 Mass. 238,25 N.E.2d 374, 377 (1940) sets forth the applicable Massachusetts law on this matter. "[T]he mortgagee, after a breach of the conditions of the mortgage, is not entitled to receive the rent without an entry under the mortgage and notice to the tenant to pay him rent . . . and the tenant does not become liable to the mortgagee unless in order to avoid an eviction he attorns to the mortgagee and agrees to pay the rent to him."
It is undisputed in this case that (1) the mortgagee made an entry under the mortgage and (2) gave the tenants notice to pay rent. The only disputed factor, insofar as the Lamsin analysis is concerned, is whether the tenant attorned to the mortgagee. Defendants argue that defendants did not attorn to Aetna because (1) the defendants were not in possession; (2) Aetna never exercised its option to require the defendants to attorn to it; and (3) notwithstanding the preceding, Aetna did not provide proper notice under the lease with respect to the claimed attornment. CT Page 880
Attornment is defined as the "agreement of a person to recognize a third party as a permissible successor party to a contract; most often, the agreement of a tenant to pay rent to a new landlord, especially a mortgagee who has foreclosed." Ballantine's Law Dictionary, 3rd Ed. See, also., C.J.S. Landlord and Tenant, Sec. 277 et seq. Without explicitly defining the term Massachusetts law considers that attornment is the recognition by the tenant of a successor landlord. Lamson Co. v. Abrams, supra; Burke v. Willard,243 Mass. 547, 137 N.E. 744 (1923). No specific procedures are set forth in Massachusetts law defining the process of attornment. It is only said that the demand for rent itself does not necessarily constitute a demand for attornment. International Paper Co. v. Priscilla Co., 281 Mass. 22, 183 N.E. 58 (1932).
Without citing any authority defendants argue that the logic of attornment requires the tenant to be in possession in order to attorn to the new landlord, and since they were not in possession no attornment was possible. In the absence of any Massachusetts authority on this matter, resolution of this claim depends on the intent of the parties as reflected in the various mortgage and lease documents executed in connection with the transactions giving rise to this action. While defendants' argument has superficial appeal, this court concludes that under the circumstances of this case, Paragraph 5 of the Agreement, by its terms and in the context of the transactions, does not require that defendants be in possession in order to attorn to the plaintiff.
First, Paragraph 5 of the Agreement is mandatory. "The tenant shall attorn to and recognize any purchaser at a foreclosure sale. . ." This directive does not admit of any exceptions or impose any conditions on defendants' obligation to attorn. Had the parties intended to make the attornment conditional on defendants' possession of the premises, it would have been easy to include such a condition.
Further, a review of the mortgage and lease transactions makes it clear, not surprisingly, that the plaintiff sought to obtain as much security for its loan as possible, including requiring the defendants to enter into a lease that would generate sufficient income to cover the mortgage expenses. It is thus clear that the intent of the lender was to obtain from the defendants commitments necessary to protect its loan, including rental obligations which would exist independent of CT Page 881 the defendants' possession of the premises. For these reasons, the court concludes that defendants' failure to take possession of the premises does not preclude their attornment to the plaintiff.
The defendants next argue that the plaintiff failed to exercise its option to require the defendants' attornment and failed to provide notice to the defendants of their obligations under the lease. For the reasons previously set forth, defendants cannot prevail in their argument. Again, paragraph 5 of the Agreement imposes on the defendants a mandatory, unconditional obligation to attorn to the purchaser at a foreclosure sale. Neither paragraph 5 nor any other provision of the Agreement imposes on the plaintiff the obligation that it demand the tenants' attornment. As stated previously, this is fully consistent with the apparent purpose of the lease which was to provide additional security to Aetna. From this perspective, the defendants obligation to attorn to Aetna is triggered by Aetna's purchase of the property at the foreclosure sale. Upon Aetna's purchase, on or about March, 1991, the defendants are deemed to have attorned to the plaintiff. No other conditions precedent are set forth in either the mortgage or lease documents, and in their absence none will be read into the parties' agreements. Sturman v. Socha, 191 Conn. 1 (1983).
Next, the defendants argue that the plaintiff did not adhere to the notice requirements set forth in the lease. A review of those provisions of the lease in which notice is required does not disclose that a demand for attornment is included amongst them. In accordance with standard principles of construction; Sturman v. Socha, supra; it is reasonable to conclude that failure to include a notice provision when the lease is replete with other notice requirements was consistent with the parties' intent. Id.
Finally, the defendants argue that the lease was extinguished by virtue of the foreclosure of the mortgage thereby relieving them of any liability under the lease. Defendants have failed to cite any Massachusetts authority for this proposition and also failed to demonstrate by affidavit or otherwise that the Massachusetts foreclosure in fact resulted in the lease being extinguished. Presumably such information would be a matter of record in the Massachusetts court. It is the duty of the party alleging that a material CT Page 882 fact is in dispute to present some evidence of that fact. It is not sufficient to merely allege that a fact is in dispute. Burns v. Hartford Hospital, supra.
For the foregoing reasons this court concludes that there are no material facts in dispute and that the plaintiff is entitled to judgment as a matter of law. Accordingly plaintiff's motion for summary judgment is granted.
SO ORDERED.
Holzberg, J.